No. 19,262.

PEOPLE OF THE STATE OF COLORADO EX REL. MARTIN
MIJARES, ET AL. *v.* PHIL KNISS, ET AL.
(357 P. [2d] 352)

Decided December 5, 1960.

Messrs. MYRICK & SMITH, Mr. JOHN A. CRISWELL, for
plaintiffs in error.

Mr. ROBERT J. KIRSCHWING, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

THIS suit presents the curious question of the ap-

propriateness of the use of Rule 106 (a) (3), R.C.P. Colo., to oust officers of an unincorporated labor union on the ground that their election was effected by alleged unfair procedures and violations of applicable provisions of the constitution of the organization. The district attorney refusing to proceed at their request, the suit was filed by the candidates whose defeat, it is said, resulted from the machinations and improper acts of the alleged usurpers of the several offices.

Besides raising the legal issue of a failure to state a claim, the defendants pled the general issue and raised several affirmative defenses. Trial resulted in a judgment for the defendants and plaintiffs bring the case here for review on writ of error.

We need only to determine the propriety of the action. Before doing so, we would have it noted that a reading of the record reveals a factual situation which warranted the findings and judgment of the trial court. That there is a serious rift in the union is apparent from the record; but this is an internal problem with which courts generally are not concerned, at least in a suit in the nature of quo warranto.

Rule 106 (a) provides that "relief may be obtained by appropriate action or by an appropriate motion under the practice prescribed in these rules:

" * * *

"(3) When any person usurps, intrudes into, or unlawfully holds or exercises *any office* or franchise. The district attorney of the proper district may and, when directed by the governor so to do, shall bring an action against *such person* in the name of the people of the state, but if the district attorney declines so to do, it may be brought upon the relation and complaint of *any person.* The rule heretofore existing requiring leave of court to institute such proceedings is hereby abolished. When *such an action* is brought against a defendant alleged to usurp, intrude into, or unlawfully hold or exercise *any public office,* civil or military, or any franchise

it shall be given precedence over other civil actions ex-. cept similar actions previously commenced. The judgment may determine the rightful holder of the office or franchise, and shall include any damages sustained, and the court may, in its discretion, impose upon the defendant *a fine* not to exceed $5,000.00 *to be paid into the treasury of the state.*" (Emphasis supplied.)

■ The quoted rule furnishes a substitute for the common law prerogative writ of quo warranto and the former statutory remedy in the nature of quo warranto. Notwithstanding the former remedies have been supplanted by Rule 106 (a) (3), it must be remembered that "[e]ven under the Rules of Civil Procedure the *substantive aspects* of remedial writs are preserved, and relief of the same nature as was formerly provided in such proceedings may be granted in accordance with precedents established under the old practice." (Emphasis supplied.) *Leonhart v. District Court,* 138 Colo. 1, 329 P. (2d) 781; *Hall v. Denver,* 117 Colo. 508, 190 P. (2d) 122; *North Poudre Co. v. Hinderlider,* 112 Colo. 467, 150 P. (2d) 304.

An evolutionary process in the procedural sphere of the law has gradually pruned away the cumbersome and formal involvements required in times past by which a quo warranto action was set in motion. *Commonwealth ex rel. v. Howard,* 297 Ky. 488, 180 S.W. (2d) 415. Code Pleading and now the Rules of Civil Procedure are developments having as their objectives simplifying the remedial phases of the law and stripping remedies of their ancient technical quiddities which often resulted in the miscarriage of justice.

While the procedural pattern has been simplified, the substance of what constitutes the basis of quo warranto relief remains the same. In order to prevail, proof of the substantive elements authorizing such relief should be of the same kind, quality and quantity as would have warranted a favorable judgment under the older forms.

*State ex rel. v. Jones,* 194 Ark. 445, 108 S.W. (2d) 901; *Burkett ex rel. v. Ulmer,* 137 Me. 120, 15 A. (2d) 858; *State ex inf. v. Murphy,* 347 Mo. 484, 148 S.W. (2d) 527. "The various procedural changes * * * do not affect the basic purposes for which the writ was originally designed." *State ex inf. v. Murphy,* supra. See *The Central and Georgetown Road Co. v. People,* 5 Colo. 39.

■ Two reasons impel a holding that Rule 106 (a) (3) may not be utilized by members of a labor union to dislodge other members from offices which they hold in the organization. We believe, first, that the context of the rule limits its application to *public offices,* and second, that a construction of the rule extending its application to test the title or right to a private office would invalidate it because such interpretation would result in an encroachment on the legislative prerogative.

Traditionally, quo warranto was directed against one charged with usurping an office, to inquire by what authority he claims to hold such office, in order to adjudge his right thereto. *People v. Dashaway Ass'n,* 84 Cal. 114, 24 Pac. 277, 12 L.R.A. 117. See *People v. Londoner,* 13 Colo. 303, 22 Pac. 764, 6 L.R.A. 444. Its purpose was to protect the interest of the public and not to protect or promote private rights. Chapter 28, §231, et seq., Code of Civil Procedure, was a substitute for the original common-law quo warranto remedy, and retained the purpose and scope of that which it supplanted. *State R.R. Comm. v. People,* 44 Colo. 345, 98 Pac. 7, 22 L.R.A.N.S. 810.

These code provisions were superseded by the present Rule 106 (a) (3), quoted above. Does the rule enlarge the remedy to permit a contest of offices other than public? We think not. Analyzed in its parts and as a whole the rule relates to public offices.

That we have considered the traditional concept of quo warranto relief as prevailing under the rule is indicated in a case involving a high school activities association. *People v. Colorado High School Activities Ass'n,*

141 Colo. 382, 349 P (2d) 381. Mr. Justice Sutton, speaking for the Court, there said:

"Fundamental, of course, to a determination that relators are entitled to maintain an action under this section is the existence or purported existence of an 'office or franchise.' It appears hardly debatable that no office can be deemed to exist in the instant case, since there has been no legislative act or constitutional provision authorizing the creation of one."

Let us advert to the rule. "Any person" in the first sentence is characterized by the words "such person" in the second sentence and the context thereof. It was not in contemplation that the District Attorney, either on his own motion or at the behest of the Governor or the request of an individual, should intervene in the governance of an unincorporated society; yet such is the import of the second sentence of the rule according to the theory of complainants. And certainly the imposition of a fine to be paid into the treasury of the state belies the application of the rule to such associations. An interpretation consonant with the conventional concept of quo warranto seems more in keeping with the context of the rule.

We have proposed that the extension of the rule to permit a contest over an office in an unincorporated association would constitute a legislative act beyond our authority to adopt. We would not read into the rule an interpretation which would result in an incursion upon the legislative domain. Would such result follow from such interpretation?

There reposes in this court the power to adopt rules for the regulation of practice and conduct of the business of courts of record in this state. "Such rules shall neither abridge, enlarge, nor modify the substantive rights of any litigants." C.R.S. '53, 37-2-8. What is procedural and what substantive is frequently a question of great difficulty. But such difficulty does not exist here. ■ That a contest over a private office in a quo war-

ranto action was not permitted prior to Rule 106 (a) (3) is indubitable. If this rule allows such action, it at once creates a new remedy and a new right. It affords a remedy where one did not exist before, and generates a right which was non-existent heretofore.

If the rule enlarges the scope of quo warranto by making relief thereunder obtainable by persons who had not access to such accommodation before, this Court has bestowed a jurisdiction upon trial courts which they did not have in the past.

The language of Mr. Justice Moore in *Thomas v. Dunne,* 131 Colo. 20, 279 P. (2d) 427, has a particular pertinence and could with good reason be quoted in extenso in this opinion. We believe, however, that the following two excerpts sufficiently show that a new remedy and a new right may not be created by court rule:

"April 6, 1941, the Rules of Civil Procedure became effective; Rule 17 thereof purported to make a significant change in the liability which might be adjudicated; and the rights which might be enforced by suits filed against, as well as by, associations identified by their 'common name' only. Rule 17 (b) R.C.P. Colo., provides, inter alia: 'A partnership or other unincorporated association may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right.' Thus by a rule of court the limitations upon the binding effect of any judgment which might be entered against an association, which were included in the code provision, are omitted. The legislative code provision gave no right to an unincorporated association to bring an action in its common name, and provided only for the use of such a name as a party defendant. The rule of court purported to create a new right not theretofore recognized in the law, and authorized the bringing of an action in the common name of the association.

\* \* \*

"It manifestly follows that this Court was without power, by rule of court, to remove those limitations upon

the effect of judgments entered against unincorporated associations in their common name, which were placed in the law by Act of the legislature. The provisions of the law which govern in this action against the association are contained in section 14, Code of Civil Procedure, because Rule 17, R.C.P. Colo., is wholly ineffective to change or modify the protections provided defendants by that code provision. The modifications which were attempted by Rule 17 unquestionably would 'abridge,' 'enlarge,' or 'modify,' substantive rights of litigants and thus the Court had no power to give them legal effect."

Nor can this Court by rule invest trial courts with an expanded jurisdiction. This is made clear in the case of *United States v. Sherwood,* 61 S.Ct. 767, 312 U.S. 584, 85 L.Ed. 1058. It was there held that nothing in the "new rules of civil practice so far as they may be applicable in suits brought in district courts under the Tucker Act authorizes the maintenance of any suit against the United States to which it has not otherwise consented. An authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction; and the Act * * * authorizing this Court to prescribe rules of civil procedure in civil actions gave it no authority to modify, abridge or enlarge or diminish the jurisdiction of federal courts."

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.