COMMONWEALTH *vs.* CARMELLO COCO.

Suffolk. March 4, 1968. — March 28, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Search and Seizure. Evidence,* Presumptions and burden of proof. *Practice, Criminal,* Suppression of evidence. *Words,* "Believe," "Suspect."

On a motion by the defendant in a criminal case to suppress evidence as illegally obtained, the burden is on him to establish the illegality. [79]

In a criminal proceeding on a charge of a gaming violation under G. L. c. 271, § 17, a contention by the defendant, that a motion by him to suppress evidence obtained in a search under a warrant issued under § 23 in 1963 should have been allowed on the ground that at the hearing on the motion the testimony of the police officer who had applied for and obtained the warrant from a District Court clerk disclosed the "basis" for its issuance and showed that "the application . . . [did] not set forth sufficient facts for a determination of probable cause," was without merit where it appeared that the examination of the officer clearly was not designed to bring out all the evidence before the clerk. [79, 80]

A contention that G. L. c. 271, § 23, is unconstitutional in that it requires an applicant for a warrant thereunder only to swear "that he suspects or has probable cause to suspect" a violation of the gaming laws has occurred instead of requiring him to swear that he believes or has probable cause to believe that a violation has occurred was without merit. [80]

A search warrant, issued in 1963 under and in the language of G. L. c. 271, § 23, for "all the personal property, furniture and fixtures" found at certain premises was not invalid as "too broad" and as leaving "too much to the individual judgment of . . . police officers." [80–81]

COMPLAINT received and sworn to in the East Boston District Court on April 15, 1963.

On appeal to the Superior Court a motion to suppress was heard by *Rose,* J., and the trial was before him.

*Robert A. Stanziani* for the defendant.

*James E. Foley,* Assistant District Attorney (*Roger Michael Carey,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

SPIEGEL, J. Following conviction in the East Boston District Court on a charge of a gaming violation under

G. L. c. 271, § 17, the defendant appealed to the Superior Court. In that court, the defendant renewed a motion made in the District Court to suppress evidence. A hearing was held and the trial judge denied the motion, to which ruling the defendant duly excepted. At the ensuing trial, the evidence which the defendant had sought to suppress was admitted subject to the defendant's exceptions. The case was tried to a jury who returned a verdict of guilty.

At the hearing on the motion to suppress, the evidence consisted of the testimony of one Frank L. Walsh of the Boston Police Department. Officer Walsh was called by the defendant and testified as follows. He "placed the . . . premises [at which the evidence in question was discovered] under surveillance for two or three days." During this period "he personally observed no activity of gaming." On April 13, 1963, Officer Walsh applied to the clerk of the District Court for a warrant to search the premises.[1] "[T]he basis upon which he applied for the search warrant was information that he had received that there was gaming activity being conducted on the premises." Between the time of the issuance of the warrant and its execution on April 14, 1963, no gaming activity was observed. Officer Walsh also testified, over the objection of the defendant, that, in 1962, "he had arrested . . . [the defendant] for having gaming books and apparatus."

The defendant contends that Officer Walsh's testimony "discloses" the "basis" for the issuance of the search warrant under which the questioned evidence was obtained, and shows that "the application . . . does not set forth sufficient facts for a determination of probable cause." We do not agree that this testimony can be so interpreted. "On a motion to suppress, the burden of establishing that evidence has been illegally obtained is on the moving party." *Commonwealth* v. *Fancy,* 349 Mass. 196, 202. *Common-*

---

[1] The warrant was issued more than a year before the effective date (June 23, 1964) of G. L. c. 276, § 2B (inserted by St. 1964, c. 557, § 3), requiring the filing of an affidavit containing the "facts, information, and circumstances" relied on to "establish sufficient grounds for the issuance of the warrant."

wealth v. *Roy*, 349 Mass. 224, 229. We are of opinion that
the defendant has not sustained that burden. The exami-
nation of Officer Walsh clearly was not designed to bring out
all the evidence which was before the clerk. It is not a neces-
sary or even a likely inference that no other matter was
disclosed to the issuing authority. Since the defendant
has failed to make the necessary showing, the regularity
of the issuance of the warrant could be presumed. See
*Commonwealth* v. *Fancy*, 349 Mass. 196, 203.

The defendant also contends that G. L. c. 271, § 23,
under which the warrant was issued, is unconstitutional
in that it requires only that an applicant swear "that he
suspects or has probable cause to suspect" violations of
law. The standard for a showing of probable cause, it is
urged, must be at least "belief" and not "mere suspicion."

The words "believe" and "suspect" have been used
interchangeably. *Jackson* v. *Knowlton*, 173 Mass. 94, 97.
*Commonwealth* v. *Phelps*, 209 Mass. 396, 404. Moreover,
G. L. c. 271, § 23, provides that the issuing authority must
be presented with "satisfactory evidence" before a warrant
will issue. In reviewing the issuance of a warrant under
this section, the primary inquiry will be whether "satis-
factory evidence" of probable cause has been shown to
the issuing authority. Nothing in the language of the
statute suggests that a lesser showing will suffice.

The defendant's final contention is that the warrant was
"too broad in the scope of objects to be searched for by
the police." It is argued that in authorizing a search of
"all the personal property, furniture and fixtures there
found," the warrant "left too much 'to the individual
judgment of . . . police officers' and a foreseeable conse-
quence was that an unguided, unreasonable search would
ensue. . . . *Commonwealth* v. *Jacobs*, 346 Mass. 300, 308."
We do not agree that the warrant here suffers from the same
defects as those in *Commonwealth* v. *Jacobs*. In that case,
the police were unnecessarily left to their discretion in
making the subjective evaluation that a wide range of
material was pornographic.

In the instant case the warrant was "validly issued in the language of the statute." *Commonwealth* v. *McDermott,* 347 Mass. 246, 249. The defendant's motion to suppress was properly denied.

*Exceptions overruled.*