No. 23076.

James Thomas North *v.* William Koch, Manager of Safety and Excise and Ex-officio Sheriff of the City and County of Denver, and Mose Trujillo, Under-Sheriff of the City and County of Denver.

(457 P.2d 915)

Decided August 25, 1969.

EDWARD H. SHERMAN, Public Defender, TRUMAN COLES, Deputy, MICHAEL E. BENDER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DEROOS, Assistant, for defendants in error.

*In Department.*

· Opinion by MR. JUSTICE LEE.

THIS writ of error arises out of an extradition proceeding. Plaintiff in error, James Thomas North, seeks to set aside an order of the district court of Denver county, discharging his petition for a writ of habeas corpus.

North was accused under C.R.S. 1963, 60-1-13, of being a fugitive from the state of California where he was charged with the commission of the felony of illegal use of a credit card between November 16, 1965 and December 1, 1965. North's petition for habeas corpus alleged he was not in the state of California during that period of time and was, accordingly, not a fugitive.

The habeas corpus issues were determined against North. His motion for a new trial was denied. Execution of the rendition order was stayed pending review by writ of error.

In December of 1966, North was charged with forgery in the Denver district court. An attorney was appointed for him in connection with that case. While in confinement in the Denver county jail awaiting final disposition

of the forgery case, North was arrested on March 6, 1967, under the fugitive warrant arising out of the California case. He was then transferred to the Denver police headquarters for interrogation concerning the California case.

Before North was questioned, an advisement of rights was read to him, which advised him he had a right to remain silent, that any statement he did make could be used as evidence against him, and that he had the right to the presence of an attorney, either retained or appointed. He then read the advisement and signed it in the presence of the two officers who conducted the interrogation.

One of the officers testified that he was not aware of the felony charge against North in the Denver district court or that North had an attorney in connection with that case. North, on the other hand, testified he told the officers that he did have an attorney and who his attorney was, and that he wanted his attorney present during the questioning. In any event, the questioning was conducted without the presence of an attorney.

During the course of the interrogation, North stated: "I was originally charged with fraudulent use of a credit card. I left Los Angeles, California, around December 30, 1965. I went to Rochester, New York, to Miami, Florida, and then to Denver. It was my understanding that my lawyer in Los Angeles had this straightened out and I didn't have to appear. The party who was on the account was Donald Cassidy."

The foregoing statement was admitted into evidence without objection on the part of North's attorney. North disavowed the statement, contending that he was in the Republic of Mexico from September 1965 through March 1966, where he was engaged in the study of art and poetry.

The only evidence presented that North was in fact in California at the time of the alleged commission of

the offense was his statement made to the officers. The court resolved this disputed issue against North.

North did not specify as error in his motion for a new trial the admission into evidence of the foregoing statement. However, he urges that we consider this alleged error, contending that he was deprived of the effective assistance of counsel during a critical stage of the extradition proceedings, in violation of the fifth and sixth amendments of the United States Constitution. North's theory of error is predicated upon his claimed right to have counsel present during the interrogation concerning the felony charge against him in California, particularly when he already had counsel appointed to represent him in the Denver criminal action which had not then been terminated. He argues that the Denver police engaged in an interrogation process designed to elicit incriminating and damaging information from him, deliberately bypassing his attorney and rendering the appointment of his attorney a nullity. Such a procedure, he argues, violates his rights announced in *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199, 12 L.Ed.2d 246; *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977; *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694.

The sole question for our determination is: Was the statement made by the accused fugitive during the in-custody interrogation concerning his whereabouts at the time of the occurrence of the offense for which he was being extradited rendered inadmissible because he was not afforded counsel at the time of the interrogation? We hold that the absence of counsel did not render the statement inadmissible for the following reasons.

Habeas corpus proceedings are civil in nature and have for their sole purpose the determination of whether the person in custody is being lawfully detained. *Buhler v. People,* 151 Colo. 345, 377 P.2d 748; *McGrath v. Tinsley,* 138 Colo. 18, 328 P.2d 579; *Riley v. Denver,* 137 Colo. 312, 324 P.2d 790; *Oates v. People,* 136 Colo.

208, 315 P. 2d 196; *Barrett v. People,* 136 Colo. 144, 315 P.2d 192. In connection with interstate rendition, such proceedings do not involve the guilt or innocence of the accused but solely whether the requirements of the extradition statute have been met. *Fox, Jr. v. People,* 161 Colo. 163, 420 P.2d 412; *Self v. People,* 133 Colo. 524, 297 P.2d 887. Our habeas corpus statute concerning the conduct of the hearing provides that the court shall "* * * proceed in a summary way to settle the facts * * *." C.R.S. 1963, 65-1-3(1).

█ Being a summary proceeding of a civil nature, not involving the guilt or innocence of the accused, there is no compelling reason to apply the strict rules of criminal procedure in determining factual issues that may arise at extradition hearings — here, was the accused in the demanding state at the time of the offense?

In *United States v. Flood,* 374 F.2d 554 (2d Cir. 1967), a habeas corpus proceeding involving the rendition of the petitioner from the state of New York to the state of Florida, the petitioner protested that oral and written admissions that he was in the demanding state at the time of the alleged crime were obtained in violation of his constitutional rights. The court stated:

"* * * We conclude, however, that *Miranda* does not apply to rendition proceedings or hearings on petition for habeas corpus which are incident thereto. Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial. See State of South Carolina v. Bailey, 289 U.S. 412, 418, 53 S. Ct. 667, 77 L.Ed. 1292 (1933); Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S. Ct. 41, 62 L.Ed. 193 (1917); Munsey v. Clough, supra, 196 U.S. at 372, 25 S. Ct. 282.

"*Miranda* and similar cases forbid the use of unlawfully obtained confessions and admissions as evidence against an accused at a trial where there is at stake the vital issue of his guilt or innocence. If Vitiello is put on trial on the charges in the information, all of these safeguards

will be available to him, and any evidential matter of this kind which has been unlawfully obtained will be suppressed or excluded. His constitutional rights to such limitations on the use of evidence on the issue of his guilt or innocence is not at issue in the rendition proceeding. What is in issue is the constitutional right of the State of Florida to have Vitiello promptly returned to that state on a showing of probable cause."

See also *Commonwealth v. Glavin,* 354 Mass. 78, 235 N.E.2d 555; *Johnson v. Warden, Montgomery County Detention Center,* 244 Md. 384, 223 A.2d 584.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.