(No. 43075.—

THE PEOPLE *ex rel.* Eddy Junior Taylor, Appellant, *vs.* HAROLD T. JOHNSON, Sheriff, Appellee.

*Opinion filed November 18, 1970.*

MORTON ZWICK, Director of Defender Project, of Chicago, (THEODORE A. GOTTFRIED and JOHN L. BARTON, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM K. O'CONNOR, State's Attorney, of Cambridge, (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The relator, Eddy Junior Taylor, is being held for extradition to Ohio to complete a sentence in the Ohio reformatory from which he escaped. He appeals from an order of the circuit court of Henry County which quashed a writ of *habeas corpus* and remanded him to the custody of the respondent, the county sheriff, for delivery to agents of the State of Ohio.

At the hearing on the motion to quash the writ, two correction officers from the Ohio institution identified the relator as Eddy Junior Taylor. The relator testified that he had lived in Kewanee, Illinois, for approximately seven months and during that time had used the name James Boyd and had not used the name Eddy Junior Taylor. He also testified that he was arrested on January 25, 1970, at his girl friend's house, questioned at the police station and released, but was again picked up by the police at his girl friend's house about an hour later. At this point objections were sustained to further questions about the relator's arrest on January 25, on the ground that the circumstances of that arrest were not involved in the extradition proceeding. The relator's attorney then offered to prove that while the relator was being questioned at the police station on January 25, a police officer "arrived at the police station

with a packet of materials" taken from the relator's residence and that "among the items which were brought was a letter which he was writing to his brother inquiring about his social security number and card, and that this reflected his true name, which was Eddy Junior Taylor, and that up to this time the police had only known him" as James Boyd.

The relator does not deny that he is a fugitive from the Ohio penal institution, nor does he dispute the regularity of the proceedings by which his extradition is sought. His position is rather that it "was reversible error for the hearing judge to reject as immaterial petitioner's proofs of his allegations that violations of petitioner's fourth amendment rights had infected both petitioner's arrest and the subsequent extradition proceedings."

The contention thus advanced involves an extension of the exclusionary rule which we are unable to accept. That rule, which prohibits the admission of evidence that is the product or "fruit" of an illegal search, was applied by the courts of this State long before its application was required by the Supreme Court of the United States in *Mapp* v. *Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684. (See *People* v. *Brocamp* (1923), 307 Ill. 448; *People* v. *Castree* (1924), 311 Ill. 392.) But the strength of the policy considerations that support the exclusionary rule in its application to the ordinary criminal trial is attenuated when it is sought to apply the rule to an extradition proceeding.

Illinois police officers have violated the relator's constitutional right, so runs the argument, and therefore the relator is not to be returned to Ohio for punishment for his violation of the laws of that State. Such deterrent effect as the exclusionary rule may have (see Oaks, Studying the Exclusionary Rule in Search and Seizure (1970), 37 U. Chi. L. Rev. 665) is thus misdirected, for the consequence of the illegal conduct of Illinois police officers is visited upon a sovereign that can do nothing to prevent or punish that conduct. And insofar as the purpose of the exclusionary

rule is "to effectively enforce the Fourth Amendment" (*Linkletter* v. *Walker* (1965), 381 U.S. 618, 637, 14 L. Ed. 2d 601, 85 S. Ct. 1731), that purpose is, we think, adequately served by continued enforcement of the exclusionary rule within its ordinary compass.

The judgment of the circuit court of Henry County is affirmed.

*Judgment affirmed.*