# No. 25346

## Joseph Pryor Eathorne v. William R. Nelson, Warden of the Denver County Jail
(505 P.2d 1)

Decided January 8, 1973.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Sara Duncan, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellant, Joseph Pryor Eathorne, allegedly committed the crime of first degree murder in the State of Alabama on January 21, 1971. He was thereafter arrested in Denver, Colorado, on a fugitive charge, pursuant to the provisions of C.R.S. 1963, 60-1-13. Requisition papers seeking extradition of the appellant resulted in the issuance of a governor's warrant. The appellant sought release in the district court by filing a petition for a writ of habeas corpus which challenged the validity of the request for extradition.

On appeal, the appellant asserts the following grounds for reversal of the district court: (1) that the district court admitted improper identification testimony at the hearing, (2) that the evidence established that he was not a fugitive from Alabama, and (3) that the Alabama indictment was insufficient as a matter of law. We affirm.

I.

Alabama authorities requested extradition of one "Joe P. Ethorne, alias Joe W. Devitto," for an alleged murder which was committed on January 21, 1971. The petitioner, at the habeas corpus hearing, asserted that he was Joe Eathorne and that he was not the man known as Joe Ethorne. He further claimed that he was not present in Alabama at the time the homicide occurred. To rebut the petitioner's claims, the prosecution produced William Henry Crabtree. Crabtree testified that he knew the petitioner as Ethorne and that he saw him at the homicide victim's bar in Mobile, Alabama, on January 21, 1971. The appellant attacked his testimony by claiming that Crabtree's in-court identification was tainted because the police showed the witness pictures of the appellant before he testified. The appellant urges us to use

the same criteria for identification at an extradition hearing that are constitutionally mandated at the time of trial. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). He then argues that the police identification procedures which preceded the extradition hearing require suppression of Crabtree's identification testimony. The appellant's argument is not cognizable in an extradition proceeding.

The appellant's identification argument seeks to extend unduly the scope of a habeas corpus proceeding. A habeas corpus proceeding has limited scope and is intended to resolve the issue of whether the person in custody is lawfully detained. *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969).

Alabama was entitled to obtain custody of the appellant through extradition proceedings after our extradition statute was complied with and proof established that the appellant was a fugitive from justice. U.S. Const. art. IV, § 2, now implemented in 18 U.S.C. § 3182. *Kentucky v. Dennison,* 65 U.S. [24 How.] 66, 16 L.Ed. 717 (1861). *Accord, Harwell v. Sullivan,* 180 Colo. 144, 503 P.2d 618; *North v. Koch, supra.*

One of the principal issues is whether the appellant was present in Alabama at the time of the commission of the offense. We determined in *North v. Koch, supra,* that the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), should not be applied in determining whether the accused was present in the demanding state at the time of the offense. Maryland's highest court held, in reaching the issue which is before us, that identification testimony at an extradition hearing should not be tested by the same standards which are applied to identification testimony at the time trial is held on the merits. *Solomon v. Warden,* 256 Md. 297, 260 A.2d 68 (1969). We find the rationale of *North v. Koch, supra,* applicable to this case. Since the extradition hearing is not designed or intended to accomplish a determination of guilt or innocence, and is only

summary in nature, a detailed inquiry into the background of the identification of the accused is not appropriate. *North v. Koch, supra; People ex rel. Hackler v. Lohman,* 17 Ill.2d 78, 160 N.E.2d 792 (1959). The courts of the demanding state must determine the admissibility of the witness' identification testimony, not a court in the asylum state. The responsibility for a full and fair trial on the merits rests on the demanding state. The scrutiny required before an in-court identification is allowed at the time of trial has no place at the extradition hearing. "[Extradition] is but one step in securing the presence of the defendant in the court in which he may be tried, and in no manner determines the question of guilt." *In the Matter of Strauss,* 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774 (1905). Accordingly, the district court was correct in admitting the identification testimony.

## II.

Extradition ordinarily can be defeated by a showing that the accused was not present in the demanding state at the time of the offense.[1] However, the appellant has not succeeded in his effort to show that he was not in Alabama at the time the crime was committed. The warrant issued by the Governor of Colorado, which commanded that the accused be arrested for extradition, creates a presumption that the accused was in the demanding state at the time the offense was committed. *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971). The burden is on the accused to show by clear and satisfactory evidence that he was not present if he is to overcome the presumption. *South Carolina v. Bailey,* 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933); *Ede v. Bray,* 178 Colo. 99, 495 P.2d 1139 (1972); *Luker v. Koch, supra; Dressel v. Bianco,* 168 Colo. 517, 452 P.2d 756 (1969). In the present case, the accused offered the testimony of his wife that he was in Mississippi, about sixty miles from Mobile, Alabama, at the time the murder occurred. The prosecution offered the testimony of Crabtree that the

---

1. In certain situations, an accused may be extradited even though he was not present in the demanding state. C.R.S. 1963, 60-1-6.

294

accused was in Mobile. The conflict in the testimony created a question of fact which the court resolved against the accused when the burden of proof was not met. *South Carolina v. Bailey, supra.* The law on the alibi issue in an extradition proceeding is clearly stated in *Munsey v. Clough,* 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1904):

"When it is conceded, or when it is so conclusively proved, that no question can be made that the person was not within the demanding State when the crime is said to have been committed, and his arrest is sought on the ground only of a constructive presence at that time, in the demanding State, then the court will discharge the defendant. *Hyatt v. Cockran,* 188 U.S. 691, affirming the judgment of the New York Court of Appeals, 172 N. Y. 176. But the court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the State, as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused . . . ."
*Accord, Osborn v. Van Cleave,* 173 Colo. 26, 475 P.2d 625 (1970).

### III.

The appellant's remaining contentions are, likewise, without merit. He asserts that the Alabama indictment is insufficient because it contains no date and that the documents supporting extradition to Alabama are inadequate because they contain no showing of probable cause. The Colorado Governor's warrant raises a presumption that the accused is substantially charged with a crime in the demanding state, and hence, the burden is on the accused to show that he is not substantially charged. *Ede v. Bray, supra; Mote v. Koch,* 173 Colo. 82, 476 P.2d 255 (1970). It is the general rule that matters of technical pleading will not be considered in an extradition hearing. *Dressel v. Bianco, supra.* The appellant was substantially charged with the crime of murder by the indictment which was returned in Alabama. The lack of a date in the indictment is not fatal to the charge in Alabama. Code of Ala., Tit. 15, § 237. The extradition

demand, therefore, is valid, since the date the crime was committed was provided in the other requisition papers. *Haynes v. Sheriff of Washington County*, 253 Md. 278, 252 A.2d 807 (1969). Prejudice to the accused did not occur in this case, since the requisition papers, when viewed in their entirety, clearly specified the date of the alleged homicide as January 21, 1971. *Cf., Osborn v. Van Cleave, supra.*

The appellant's last contention is that the demanding papers did not establish probable cause. It is apparent that the accused has overlooked the purpose of a grand jury. A grand jury indictment is a finding of probable cause by the grand jury. *E.g., People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971). For this reason, extradition papers based upon an indictment need not have an additional showing of probable cause. *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621 (1950).

The judgment of the district court is affirmed.