## No. 28448

**Robert E. Thomeczek v. Harold E. Bray, Sheriff of Jefferson County, Colorado, and Warden of the Jail of Jefferson County, Colorado**

(600 P.2d 66)

Decided September 17, 1979.                    Rehearing denied October 15, 1979.

Michael G. Sabbeth, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, John Daniel Dailey, Assistant

Attorney General, Appellate Section, for respondent-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The petitioner Thomeczek appeals from the trial court's denial of his petition for a writ of habeas corpus. He asserts that the extradition request fails to establish probable cause and identity and that the trial court erroneously denied his motion to conduct a suppression hearing. We affirm the trial court's judgment.

The petitioner was arrested in Colorado on March 14, 1978 pursuant to a search of his residence which yielded, among other things, items which were allegedly stolen from Ford County, Kansas. Kansas officials sent a request to the state of Colorado for petitioner's return to stand trial on charges of theft by deception. The extradition documents forwarded by Kansas included an arrest warrant which contained a finding by a Kansas judge that probable cause existed to believe that the petitioner committed the offenses charged, and an affidavit signed by a Kansas deputy sheriff wherein he identified the goods seized from petitioner's residence as items stolen from Kansas.

In *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978), the United States Supreme Court held that a determination of probable cause by a neutral judicial officer of the demanding state is binding upon the courts of the asylum state. The Kansas arrest warrant transmitted with the other extradition documents in this case contains such a judicial determination of probable cause and accordingly we hold that probable cause was established.

Petitioner's remaining contentions concern the legal effect and admissibility of the items seized during the search of his residence. Relying on the deputy sheriff's identification of the goods seized at petitioner's home and on the congruence of petitioner's name and the name referred to in the extradition documents, the trial court concluded that the extradition documents established petitioner's identity as the person sought for extradition. Petitioner contends that his mere possession of stolen goods does not give rise to the presumption that he committed the crime charged, because his possession does not satisfy the legal requirement of being recent, unexplained, and exclusive. *See Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979); *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970). While these latter elements may be necessary to support a conviction of theft or robbery, they are not mandated to establish the identity of a

person in possession of stolen goods as the person sought for extradition purposes. We conclude that ample support exists for the trial court's finding that the extradition documents establish petitioner's identity.

▮ Petitioner argues alternatively that evidence of the stolen goods should have been suppressed because it was obtained in the course of a search which violated his constitutional rights. The lower court denied petitioner's motion to suppress and denied his accompanying request to hold a hearing on the motion. The policy underlying extradition proceedings is to enable offenders to be brought to trial as swiftly as possible in the state where the offense was allegedly committed. *See Michigan v. Doran, supra.* Since the extradition hearing is not designed to determine the guilt or innocence of the accused and is summary in nature, the accused is not entitled to all of the procedural protections of a criminal trial. *See Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1 (1973) (finding admissible allegedly tainted identification testimony); *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969) (finding admissible statement allegedly obtained in violation of *Miranda* rights); *People ex rel. Taylor v. Johnson,* 47 Ill. 2d 103, 264 N.E. 2d 198 (1970), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1243, 28 L.Ed.2d 534 (1971) (fruits of an allegedly illegal search admitted). "The responsibility for a full and fair trial on the merits rests on the damanding state." *Eathorne v. Nelson, supra.*

The judgment of the trial court is affirmed.