Industrial Commission 1525 Sherman Street Denver, Colorado 80203
Dear Members of the Industrial Commission:
This letter, reexamining the rules of procedure for the Workmen's Compensation and Major Medical Insurance Fund Acts, is necessitated by questions raised in a recent matter of litigation on which you consulted this office.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Are all of the rules of procedure promulgated to date by the Industrial Commission in order to implement the Workmen's Compensation Act, the Major Medical Insurance Fund Act, and the Vocational Rehabilitation Act valid under the laws and constitution of Colorado?
My conclusion is "yes," with the exception of Rule XIX.
ANALYSIS
As a result of that consultation and pursuant to the requirements of the Administrative Procedure Act, I have prepared the following opinion as to the constitutionality and legality of the referenced procedures. These rules relate to the procedures for operation of the Colorado Workmen's Compensation Act, the payment of benefits to claimants, reporting of accidents, settlement procedures, notice requirements of the act, procedures for hearings before the Division of Labor, and waiver of compensation; application for benefits from the Major Medical Insurance Fund; and procedures relative to vocational rehabilitation.
As noted in an opinion by this office dated June 7, 1976, the Industrial Commission is authorized to promulgate such rules pursuant to C.R.S. 1973, 8-46-108.
C.R.S. 1973, 8-46-108 provides authority for promulgation of rules under the Workmen's Compensation Act:
 The commission has the power to adopt reasonable and proper rules and regulations relative to the administration of articles 40 to 54 of this title and proper rules to govern proceedings and hearings of the division and to amend said rules from time to time in its discretion. Such rules and regulations and amendments thereto shall be effective ten days after they are adopted and posted. A copy of such rules and regulations shall be delivered to every person making application therefor and to every insurance carrier doing business in this state by mailing a copy thereof to the insurance carrier at the address within the state as furnished the commission by the insurance carrier.
Further, C.R.S. 1973, 8-49-101 (1980 Cum. Supp.) provides for the adoption of vocational rehabilitation plans and rules with respect to such plans are also within the ambit of C.R.S. 1973,8-46-108.
Additional authority for such rules as those promulgated by the commission was, at one time, found in C.R.S. 1973, 8-1-107(1)(d). However, that statute was repealed on July 25, 1975 and therefore could not be a basis for the validity of the rules.
In scrutinizing all existing rules of the commission for compliance with the intent and coverage of C.R.S. 1973, 8-46-108, it must first be noted that this statute only authorizes procedural rules which would govern proceedings and hearings before the Division of Labor. In that vein, rule XIX of the existing rules is not valid. That rule reads as follows: "No applications for payments from the Colorado Major Medical Insurance Fund Act shall be considered for accidents occurring prior to July 1, 1971."
Rule XIX is, in fact, void ab initio because it is substantive in nature as opposed to being procedural. This rule attempts to modify or abrogate the substantive rights of litigants, and as such is clearly within the definition of a substantive rule as indicated by the Colorado Supreme Court in People v.Kniss, 144 Colo. 551, 357 P.2d 352 (1960).
On that basis your attention is directed to the requirements of C.R.S. 1973, 24-4-103 regarding the promulgation of administrative rules. It is the opinion of this office that therepeal of rule XIX is necessary and should be done in a manner which conforms technically and specifically with the notice, hearing and publication requirements of this statutory provision. You should also note C.R.S. 1973, 24-4-103(12) requiring that "a repealed rule be kept in a specific permanent file for public inspection in the same manner as up to date rules."
SUMMARY
With the exception of rule XIX, all of the above rules continue to be valid and this office continues its approval of each of them.
Very truly yours,
 J.D. MacFARLANE Attorney General
RULES AND REGULATIONS ADMINISTRATIVE PROCEDURE MEDICAID AND MEDICARE INSURANCE
C.R.S. 1973, 8-46-108
C.R.S. 1973, 8-49-101 (Cum. Supp. 1980) C.R.S. 1973, 8-1-107(1)(d) (Repealed July 25, 1975)
LABOR EMPLOYMENT DEPT. Industrial Commission
Opinion reexamines rules of procedure for workmen's compensation and Major Medical Insurance Fund Act, pronouncing all to be valid except Rule XIX which limited application to the Major Medical Fund to those who have had accidents prior to July 1, 1971. That was considered invalid as beyond the authority of the commission.