Lee DENBOW, Petitioner-Appellant,

v.

L.R. WILLIAMS, Sheriff of Mesa County, State of Colorado, Respondent-Appellee.

No. 82SA573.

Supreme Court of Colorado, En Banc.

Dec. 5, 1983.

David F. Vela, Colorado State Public Defender, Harvey M. Palefsky, Deputy State Public Defender, Grand Junction, for petitioner-appellant.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard Forman, Sol. Gen., John Daniel Dailey, Chief, Criminal Appeals, Patricia A. Wallace, Asst. Atty. Gen., Denver, for respondent-appellee.

NEIGHBORS, Justice.

The petitioner, Lee Denbow (Denbow), appeals the judgment entered by the district court discharging the writ of habeas corpus and ordering that he be returned to the State of Florida. On appeal, Denbow claims that the trial court erred in refusing to exclude the testimony of the respondent's witnesses at the habeas corpus hearing because the district attorney did not provide Denbow's lawyer with discovery under Crim.P. 16. Denbow also argues that the trial court improperly restricted his cross-examination of one of the respondent's witnesses. We affirm the judgment of the district court.

I.

Denbow was arrested in Mesa County, Colorado on September 29, 1981, and held for extradition to the State of Florida. An information charging him with being a fugitive under section 16–19–114, C.R.S.1973, was filed in the Mesa County District Court on October 15, 1981. The information alleged that a warrant had been issued in

Escambia County, Florida for the arrest of Donald Gale Rinard, also known as Lee Denbow, on a charge of murder, and that Rinard, a/k/a Denbow, "has fled from justice in the State of Florida."[1] The Governor of Colorado issued a governor's warrant authorizing Denbow's extradition to Florida. Denbow filed a petition for a writ of habeas corpus. The district court issued the writ and held a hearing on the petition on January 22, 1982. At the conclusion of the hearing, the district court dismissed the petition and ordered that Denbow be returned to Florida. In an earlier opinion issued by this court, we held that Denbow was entitled to proceed in forma pauperis on appeal, to a free transcript of the habeas corpus hearing, and to court-appointed counsel. *Denbow v. District Court,* 652 P.2d 1065 (Colo.1982).

## II.

■ Denbow contends that Crim.P. 16, requiring disclosure of certain information to the defense counsel, applies to habeas corpus hearings conducted in connection with extradition proceedings.[2] He argues that since the district attorney failed to provide discovery in the form of witness statements, the testimony of the respondent's witnesses should have been precluded by the district court. However, we need not decide this issue because the record does not establish that Denbow's counsel made the required request for discovery under Crim.P. 16.

1. The warrant states that Donald Gale Rinard violated section 782.04 of the Florida State Statutes. The information certified as part of the extradition documents charges Donald Gale Rinard with second-degree murder in violation of section 782.04 of the Florida Statutes which provides:

"(2) The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree and constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084."

## III.

In his petition for a writ of habeas corpus, Denbow denied that he was the person named in the extradition documents which list the name of the person whose extradition is sought as Donald Gale Rinard. During the habeas corpus hearing, the respondent presented the testimony of an eyewitness, Myra Lynn Potter, to the Florida homicide. Ms. Potter made an in-court identification of Denbow as the person who had committed the murder on December 25, 1979. The trial court permitted Denbow's lawyer to cross-examine the witness concerning her ability to identify Denbow. However, the court restricted cross-examination concerning a photographic lineup conducted by authorities in Florida just before Ms. Potter came to Colorado to testify at the habeas corpus hearing.

Denbow contends that this restriction on cross-examination of a key witness deprived him of his constitutional right to confront his accusers. We disagree and hold that the scope of the right of confrontation is not the same in a habeas corpus proceeding as in a criminal trial, and that the trial court did not commit reversible error in limiting cross-examination.

■ A habeas corpus proceeding instituted to test the validity of extradition is civil in nature. *Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596 (1970). We have indicated that courts must look beyond the form to the substance of a habeas corpus action

Fla.Stat.Ann. § 782.04 (West 1983 Supp.).

2. Crim.P. 16 provides in pertinent part:

"*Part I.  Disclosure to Defendant*
*(a) Prosecutor's Obligations.*
"(1) Subject to the provisions of Parts I(f) and III(d) of this Rule, the prosecuting attorney *upon request of the defense counsel* shall disclose to the defense counsel the following material and information which is within the possession or control of the prosecuting attorney:
"(I) The names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements."
(Emphasis added.)

since extradition involves an "extended restraint of liberty," and thus have held that some criminal procedural safeguards apply to such proceedings. *See, e.g., Mora v. District Court,* 177 Colo. 381, 494 P.2d 596 (1972) (petitioner entitled to counsel in proceeding to contest extradition); *Denbow,* 652 P.2d 1065 (petitioner entitled to free transcript and appointment of counsel upon appeal). However, we have also held that all criminal procedural rights or rules do not apply to such cases. *See, e.g., Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1 (1973) (petitioner not entitled to have tainted in-court identification suppressed); *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971) (petitioner cannot raise questions of sanity or incompetency as those issues relate to guilt or innocence); *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969) (petitioner not entitled to have statement to police regarding his whereabouts suppressed where he did not have counsel present at the time he made the statement).

Habeas corpus proceedings involving extradition are summary in nature and have a limited purpose. *Massey v. Wilson,* 199 Colo. 121, 605 P.2d 469 (1980). In this context the scope of the inquiry is limited to whether the petitioner is lawfully detained and "is separate from the legal proceedings under which the detention is sought to be justified." *Luker,* 176 Colo. at 80, 489 P.2d at 193 (quoting 39 Am.Jur.2d *Habeas Corpus* § 10 (1968)). In such a proceeding the court's consideration is limited to the issues of (1) the technical sufficiency of the extradition documents; (2) the identification of the accused; (3) whether the accused is substantially charged with a crime; and (4) whether the accused is a fugitive from justice. *Lomax v. Cronin,* 194 Colo. 523, 575 P.2d 1285 (1978); *Eathorne,* 180 Colo. 288, 505 P.2d 1; *Luker,* 176 Colo. 75, 489 P.2d 191.

Denbow contends that his cross-examination of Ms. Potter was relevant to the issue of identity and thus within the limited nature of a habeas corpus hearing. He claims that identity is at issue because the Florida warrant lists the accused's name as Donald

Gale Rinard. He suggests that his questions were designed to impeach Ms. Potter's identification testimony.

Because identification is a question of paramount significance in an extradition case, the accused must be granted broad cross-examination of witnesses who identify him or her as the person whose extradition is sought. Subject to the constitutional right of confrontation, the scope and limits of cross-examination, even in a criminal case, are within the sound discretion of the trial court. *People v. Crawford,* 191 Colo. 504, 553 P.2d 827 (1976). *See also People v. Gladney,* 194 Colo. 68, 570 P.2d 231 (1977), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978). In exercising its discretion, "[a] trial court . . . must disallow cross-examination upon matters wholly irrelevant and immaterial to the issues at trial, . . ." *People v. Bowman,* 669 P.2d 1369, 1375 (Colo.1983).

Where, as here, the record contains sufficient evidence to support an independent basis for the identification of the accused by the witness, the accused is not entitled to pursue a detailed inquiry into the circumstances surrounding a pre-hearing photographic lineup in a habeas corpus proceeding. *See Eathorne,* 180 Colo. 288, 505 P.2d 1. In *Eathorne,* we held that even when an in-court identification may be tainted, it is still admissible in a habeas corpus proceeding:

"The courts of the demanding state must determine the admissibility of the witness's identification testimony, not a court in the asylum state. The responsibility for a full and fair trial on the merits rests on the demanding state. The scrutiny required before an in-court identification is allowed at the time of trial has no place at the extradition hearing."

*Eathorne,* 180 Colo. at 293, 505 P.2d at 3.

The identity of Denbow was established sufficiently for the limited purposes of the habeas corpus proceeding. Ms. Potter personally identified the petitioner. Ms. Potter testified that she was a patron in the

bar where the homicide occurred. She stated that she observed the incident from a distance of eight to ten feet. According to Ms. Potter, she saw the petitioner shoot the victim twice. She testified that she had known Denbow for at least a month before the shooting based on his coming into the bar one to three times per week to see his girlfriend who was employed by the establishment. Ms. Potter also said that she worked as an employee at the bar "occasionally."

 Moreover, the F.B.I.'s "wanted" poster for Donald Gale Rinard listed Lee Denbow as an alias. The fingerprints on the poster matched those of Denbow taken by police in Colorado. The photograph on the poster was found by the trial court to be that of Denbow. Where there is a discrepancy between the named fugitive in the extradition documents and the petitioner's name, a prima facie case of identity may be established by affidavit and photograph. *See Miller v. Debekker,* 668 P.2d 927 (Colo. 1983).

After reviewing the record, we are persuaded that the trial court did not commit reversible error in limiting the cross-examination of the identification witness and properly concluded that the petitioner had not met his burden of establishing by clear and convincing evidence that he was not the person sought by the demanding state. *Miller,* 668 P.2d 927. The decision of the trial court discharging the writ of habeas corpus and ordering the petitioner extradited to the State of Florida is supported by the record and is not manifestly erroneous. *Miller,* 668 P.2d 927; *Vigil v. Martinez,* 661 P.2d 1164 (Colo.1983).

The judgment of the trial court is affirmed.