William D. PIPKIN, Petitioner-Appellee,

v.

James BRITTAIN, Superintendent, Colorado Territorial Correctional Facility, Respondent-Appellant.

No. 84CA1133.

Colorado Court of Appeals, Div. III.

Dec. 26, 1985.

David F. Vela, Colorado State Public Defender, Kenneth M. Plotz, Deputy State Public Defender, Salida, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for respondent-appellant.

BERMAN, Judge.

This appeal was taken by the respondent, superintendent of the Colorado Territorial Correctional Facility, after the district court of Fremont County ruled that the Denver District Court had erred in its order which computed petitioner's presentence confinement credit in accordance with § 16–11–306, C.R.S. (1985 Cum.Supp.). Petitioner's action was originally in the form of a writ of habeas corpus. A resulting appeal was filed in the Colorado Supreme Court. As a result of the Attorney General's request, an order was issued by the Supreme Court to transfer respondent's appeal to this court.

The issue before us is whether the district court of Fremont County had jurisdiction to consider a pleading in the form of a writ of habeas corpus which challenges the propriety of an order by the Denver District Court. We hold that the proper means for review of the Denver District Court order was by appeal to this court, and not by original action in another district court. Accordingly, we vacate the

judgment of the district court of Fremont County.

The facts of this case are the following. The petitioner was convicted in Denver of theft and sentenced to four years of incarceration. At approximately the same time, he also was convicted of crimes in the State of Iowa, and was returned there to serve his Iowa sentence. After he was released from Iowa, petitioner returned to Colorado to serve out the remainder of his Colorado sentence. As a result of the dual convictions and confinement periods, the Denver District Court entered an order, pursuant to § 16–11–306, C.R.S. (1985 Cum.Supp.), awarding defendant presence confinement credit on his Iowa sentence.

The petitioner moved for post-conviction relief under Crim.P. 35 in Denver District Court, claiming he was entitled to more presentence confinement credit than had been granted. That motion was denied, and petitioner did not appeal the Denver court's ruling; rather, he filed a petition for a writ of habeas corpus pursuant to § 13–45–101, C.R.S., in the district court of Fremont County.

After reviewing the evidence and the Denver District Court's ruling, the Fremont court chose to treat petitioner's writ of habeas corpus as a request for a mandamus, and granted petitioner's request for a greater amount of presentence confinement credit. This appeal followed.

## I.

◼ We first address petitioner's contention that the matter is not a proper subject for appellate review because it has become moot. Petitioner contends that the case is moot in light of his release from the Department of Corrections on July 3, 1984. He contends that a ruling by this court would have little effect on him because the Department of Corrections could not confine him for any meaningful length of time. We reject this contention.

Although the petitioner is on parole, the issue in this case, whether a petition in the nature of habeas corpus or mandamus in one district court can be used as the means to review an order by another district court regarding presentence confinement credit is the type of issue that is capable of repetition by any other litigant seeking such credit. Accordingly, this controversy is one that is "capable of repetition, yet evading review." *See Goedecke v. State*, 198 Colo. 407, 603 P.2d 123 (1979). Consequently, it is not subject to dismissal on the basis of mootness. *See Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1910).

Furthermore, the issue posed here is one of great public importance. *See Beeson v. Kiowa County School District RE–1*, 39 Colo.App. 174, 567 P.2d 801 (1977); *Bruce v. Leo*, 129 Colo. 129, 267 P.2d 1014 (1954). The practice of allowing one district court to be used to avoid the consequences of adverse rulings issued by other courts of equal stature raises important issues of appellate authority and judicial comity. Given the importance of the issue and its possible repetition in the future if it is not now resolved, we elect to forestall future disputes concerning the authority of one district court over another, and choose to proceed to the merits of the case. *See Industrial Commission v. Colorado State Federation of Labor*, 107 Colo. 206, 110 P.2d 253 (1941).

## II.

◼ The Colorado Habeas Corpus Act and the rules of the Supreme Court delineate the rights which may be enforced with such a writ. Section 13–45–101, et seq., C.R.S.; *People ex rel. Mijares v. Kniss*, 144 Colo. 551, 357 P.2d 352 (1960). The essential purpose to be served by a writ of habeas corpus is resolution of the issue whether a person is unlawfully detained. *Eathorne v. Nelson*, 180 Colo. 288, 505 P.2d 1 (1973). The writ of habeas corpus may not be used as a substitute for an appeal, and a hearing on a writ of habeas corpus may not be used as a basis for reviewing issues resolved by another court.

**1360**

*Ryan v. Cronin,* 191 Colo. 487, 553 P.2d 754 (1976).

 Here, the Denver District Court's order concerning presentence confinement credit was readily appealable to this court. Accordingly, that order did not present the type of issue appropriate for a writ of habeas corpus. Even if we assume the order did represent a violation of defendant's rights, he had the adequate remedy of appealing to this court. *See Garrett v. Knight,* 173 Colo. 419, 480 P.2d 569 (1971).

Hence, we hold that an order of one district court concerning presentence confinement credit may not be challenged by prosecution of a writ of habeas corpus in a district court of another judicial district.

### III.

Although the district court of Fremont County did quash the writ of habeas corpus, it treated the proceeding as a mandamus action under C.R.C.P. 106 and modified the petitioner's presentence confinement credit. In light of our holding above, the Fremont court should have vacated the petition because it lacked jurisdiction to hear and determine the validity of a judgment made and entered by a court of coordinate jurisdiction. By modifying petitioner's presentence confinement credit, the district court of Fremont County determined that the Denver District Court had made and enforced an incorrect judgment, and this determination is one the district court of Fremont County should have determined that it lacked the power and authority to do. *See Hart v. Best,* 119 Colo. 569, 205 P.2d 787 (1949); *Martin v. District Court,* 37 Colo. 110, 86 P. 82 (1906).

 Petitioner was in custody by virtue of a sentence pronounced by the Denver District Court. That court had jurisdiction of the crime and of the person of the petitioner. The district court of Fremont County has no power under the constitution or the statutes of this state to review or supervise the judgment of the district court of another judicial district. Otherwise, one district court might have the power to grant habeas relief to prisoners committed by another judicial district or the supreme court itself. *See Hart v. Best, supra.* Moreover, notions of judicial comity would be nullified if such a result were allowed to remain.

Hence, we conclude that the presentence confinement credit was, at most, error that was correctable only by resort to the appropriate appellate court, and thus, petitioner was not entitled to any form of relief in the district court of Fremont County. That district court, in ruling otherwise, exceeded the limits of its jurisdiction and its ruling is a nullity.

The judgment of the district court of Fremont County is vacated.

TURSI and METZGER, JJ., concur.