**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Joseph EDWARDS, Defendant–Appellant.**

**No. 05CA1159.**

Colorado Court of Appeals, Div. I.

March 8, 2007.

Certiorari Granted July 30, 2007.

John W. Suthers, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Joffe Law Firm, Sara A. Rodrigues, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Joseph Edwards, appeals the trial court's order denying his request for additional presentence confinement credit. Defendant acknowledges in his opening brief that he has completed the confinement portion of his sentence and is presently serving mandatory parole. Because we conclude

that the issue raised by defendant is moot, we dismiss the appeal.

In 1994, following a jury trial, defendant was convicted of aggravated robbery and conspiracy to commit aggravated robbery in connection with the robbery of an adult bookstore. On April 17, 1995, defendant was sentenced to a term of ten years in the Department of Corrections (DOC) for aggravated robbery, and a concurrent term of six years for conspiracy to commit aggravated robbery. Aggravated robbery carried a five-year term of mandatory parole pursuant to § 18–1.3–401(1)(a)(V)(A), C.R.S.2006. Defendant was granted nineteen days of presentence confinement credit pursuant to § 18–1.3–405, C.R.S.2006. Defendant's conviction was affirmed on appeal. *People v. Edwards,* (Colo.App. No. 95CA0928, Feb. 20, 1997) (not published pursuant to C.A.R. 35(f)).

Defendant first challenged his presentence confinement credit in 2005 during an evidentiary hearing on a postconviction motion raising other issues, claiming that an incorrect calculation or clerical error had just been discovered. Defendant then filed a Crim. P. 36 motion to correct the mittimus. The People objected, arguing that defendant had received the credit for presentence confinement in a separate case and that his sentence in that case was consecutive to the sentence in this case. The trial court denied the motion in an order dated June 7, 2005. Defendant filed a motion to reconsider which was also denied. Defendant has since been released on mandatory parole.

■ Generally, an appellate court will decline to render an opinion on the merits of an appeal when events subsequent to the underlying litigation have rendered the issue moot. *People v. Black,* 915 P.2d 1257 (Colo. 1996). An issue is moot when the relief requested would have no practical effect upon an existing legal controversy. *Brown v. Colorado Dep't of Corrections,* 915 P.2d 1312 (Colo.1996).

Section 18–1.3–405 provides that a person confined for an offense prior to the imposition of sentence for that offense is entitled to a credit against the term of his or her sentence, and that "[s]uch period of confinement shall be deducted from the sentence by the department of corrections."

Here, defendant has completed the confinement portion of his sentence by virtue of having been placed on mandatory parole. Once he was placed on mandatory parole, the balance of his sentence to incarceration was discharged. *See* § 18–1.3–401(1)(a)(V)(D), C.R.S.2006; *People v. Luther,* 58 P.3d 1013 (Colo.2002); *People v. Perea,* 74 P.3d 326 (Colo.App.2002). Thus, there is no period of confinement from which to deduct any additional presentence confinement.

■ The result is not changed by defendant's assertion that a violation of a term of parole could result in additional confinement. While that is true, it does not impact the analysis. Mandatory parole is a statutorily prescribed and distinct component that attaches automatically to any sentence involving imprisonment. *Craig v. People,* 986 P.2d 951 (Colo.1999); *see also Martin v. People,* 27 P.3d 846 (Colo.2001)(the penalty imposed on felony offenders consists of both an incarceration component and a separate parole component). All decisions regarding mandatory parole are left exclusively to the Board of Parole, an entity separate and apart from the DOC. *See* § 17–2–201, C.R.S.2006; *Craig v. People, supra.* A violation of the parole term can convert the parole term into an additional imprisonment term for up to the balance of the mandatory parole period. However, that conversion is not an immediate and automatic consequence of the underlying conviction, but rather arises from a parole violation. *See Craig v. People, supra.* Upon revocation, parole ceases to exist and the offender serves a penalty period of confinement measured by the balance of the mandatory parole period. *See People v. Luther, supra; People v. Perea, supra.*

Thus, the award of additional presentence confinement credit would not alter the length of time defendant would have to serve for violation of his mandatory parole, even if his parole is revoked and he is returned to confinement.

Defendant also maintains that the failure properly to award presentence confinement credit could impact the length of his parole.

However, as we have already stated, presentence confinement credit relates only to the incarceration sentence and the computation of parole eligibility, not the length of a mandatory parole term which is specified by statute. *See* § 18–1.3–401(1)(a)(V)(A).

■ Finally, defendant contends that the issue is not moot because it is the type of error which is "capable of repetition, yet evading review." *See Pipkin v. Brittain,* 713 P.2d 1358, 1359 (Colo.App.1985) (quoting *Goedecke v. State,* 198 Colo. 407, 410 n. 5, 603 P.2d 123, 124 (1979)). Here, any delay was in the discovery of the alleged error, and there is no claim that the error was incapable of detection until that time. Thus, defendant has not alleged that it would have been impossible for him to correct any error in the presentence confinement credit prior to his release on mandatory parole. Accordingly, we decline to hold that he has established that his controversy is one that is "capable of repetition, yet evading review."

The appeal is dismissed.

Judge MÁRQUEZ and Judge FURMAN concur.