(No. 38992.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SYLVESTER WAITTS, Plaintiff in Error.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

WARD, J., took no part.

LARRY LEVY and JOSEPH A. MALEK, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Attorney General, and Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, Sylvester Waitts, was indicted by the Cook County grand jury in 1962 for the unlawful possession of a narcotic drug. He was tried by a jury, convicted and sentenced to a term of two to six years in the penitentiary. The defendant sued out a writ of error to this court on the ground that the complaint, which was the basis of the arrest warrant, did not meet Federal and State constitutional standards upon which the issuing magistrate could find probable cause.

On June 29, 1962, officer Fred Martinez of the Chicago Police Department appeared before a judge of the municipal court of Chicago with a sworn complaint for an arrest warrant against Sylvester Waitts. The body of the complaint consisted of two paragraphs: the first alleging the sale of a narcotic drug to Nathaniel Clayton, the second alleging that affiant had "just and reasonable grounds" to believe that the defendant committed the offense. Solely upon the basis of this complaint an arrest warrant was issued and defendant subsequently arrested in a tavern. A search of the defendant's person revealed two tinfoil packages of a narcotic drug.

Prior to trial a motion to quash the arrest warrant and to suppress the evidence was filed by defense counsel on the ground that the warrant was issued upon a complaint which did not apprise the issuing magistrate with facts legally sufficient to show probable cause for its issuance. The motion was denied by the trial court and defendant was subsequently tried and convicted. Both the fourth amendment to the United States constitution and section 6 of article II of the Illinois constitution provide that no warrant will issue

without probable cause. This language in the fourth amendment has been construed by the Supreme Court of the United States to apply to arrest as well as to search warrants, (*Giordenello* v. *United States,* 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245,) and this court so interprets section 6 of article II of the Illinois constitution.

The function of the complaint is to provide the magistrates empowered to issue warrants with sufficient facts from which they can determine if probable cause exists. The final decision lies solely within the magistrate's discretion and in reaching a determination he should not rely on the complainant's mere conclusions. If he does so, he serves merely as a rubber stamp for the police. (*Aguilar* v. *Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) Reviewing courts must interfere with the discretionary determinations of the court when, as here, no basis for probable cause appears on the face of the complaint.

In *United States* v. *Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741, the Supreme Court states that probable cause cannot be made out by affidavits which are purely conclusory stating the affiant's or an informer's belief that probable cause exists without detailing any of the "underlying circumstances" upon which that belief was based. The complaint in question contains nothing more than the police officer's statement that he has "just and reasonable grounds" to believe that defendant committed the crime. No facts or underlying circumstances are described from which the issuing magsitrate could possibly find probable cause. Although the complainant may have had "just and reasonable grounds", these grounds must be made clear to the magistrate. Since this was not done, no probable cause was shown and the arrest warrant was invalid.

We take note of the fact that the arrest-warrant statute in effect at the time of the arrest did not require an averment of any of the underlying circumstances upon which

probable cause could be found, but rather required only that complainant had "just and reasonable grounds" to believe that the alleged offender committed the offense. (Ill. Rev. Stat. 1961, chap. 38, par. 663.) Despite the fact that the complaint was issued in compliance with the existing statute, we hold the complaint to have been constitutionally defective for failure to state any facts showing underlying circumstances from which probable cause could be determined.

Counsel for the People do not urge the validity of the arrest warrant, but merely argue that the record is insufficient to support defendant's allegations. Specifically they contend that defense counsel did not show the connection between the complaint and the evidence to be suppressed. Although most of the discussion at the hearing on the motion was off the record, the connection between the complaint and the evidence to be suppressed can be seen merely by reading defendant's motion. If the arrest was invalid, so too was the evidence obtained as a result of this arrest. *Wong Sun* v. *United States,* 371 U.S. 471, 488, 9 L. Ed. 2d 441, 83 S. Ct. 407.

Counsel for the People further argue that even if the complaint was defective the People may still justify the search on the basis of probable cause to proceed without a warrant. After examination of the record we find no probable cause which would justify such a search without a warrant.

In conclusion, it is our opinion that an arrest warrant, which is issued on the basis of a complaint which merely states that the complainant has just and reasonable grounds to believe that a person committed an offense, is constitutionally defective.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.