Opinion by
MR. JUSTICE HODGES.
*73 This appeal involves extradition. The appellant was charged with being a fugitive from the State of California under section 16-19-114, C.R.S. 1973 and was taken into custody by the respondent sheriff of Jefferson County, Colorado. On the basis of extradition documents from California, a Governor’s warrant was executed by the Governor of Colorado and served upon the appellant. A petition for a writ of habeas corpus was discharged by the trial court after a hearing at which the appellant presented no evidence in support of his petition. On appeal, the appellant’s only argument of any significance is that the state did not properly identify him as the person sought by the requisitioning state. This argument is without merit, and we affirm.
At the hearing on appellant’s petition for habeas corpus, the Governor’s warrant identifying appellant was introduced together with supporting extradition documents from California. The name contained on the Governor’s warrant is identical to that shown in the supporting documents which also included a photograph of the fugitive. Appellant did not testify at the hearing, and presented no evidence whatsoever that he was not the person named in the Governor’s warrant and the supporting documents.
In Hithe v. Nelson, 172 Colo. 179, 471 P.2d 596 (1970), we held that
“[b]y showing an identity of names between the petitioner and the person named in the extradition documents, the respondents established a prima facie case of identity and the burden then shifted to the petitioner to go forward and show non-identity as he alleged in his petition.”
See also Dilworth v. Leach, 183 Colo. 206, 515 P.2d 1130 (1973).
The introduction of the Governor’s warrant and the supporting requisition documents created a prima facie showing of identity, and shifted the burden to appellant, who introduced absolutely no evidence to support his petition for a writ of habeas corpus. Judgment of the trial court in discharging the writ was therefore proper.
Judgment affirmed.
MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.