### No. 26693

### The People of the State of Colorado v. Robert E. Phillips
(534 P.2d 1217)

Decided May 5, 1975.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, John Stephen Phillips, Assistant, for respondent-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Richard L. Susman, Deputy, for petitioner-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant Phillips filed this request for a writ of habeas corpus in Jefferson County District Court to avoid extradition to the state of Pennsylvania. He is charged with being a fugitive from justice under C.R.S. 1963, § 60-1-13.[1] Pennsylvania filed proper extradition papers demanding that Phillips be extradited to the state of Pennsylvania for allegedly committing, on May 5, 1971, in Philadelphia, Pennsylvania, the following crimes: robbery, assault with intent to kill, larceny, receiving stolen goods, assault and battery, violating the Uniform Firearm Act, carrying a concealed deadly weapon, and playfully [sic] and wantonly pointing a firearm. The Governor of Colorado issued a proper warrant. At the hearing before the trial court the defendant presented testimony which he claims demonstrated that he was not in Philadelphia on May 5, 1971 and consequently, that he is not a fugitive from justice. The trial court denied the petition for the writ, and we affirm.

Other than the extradition documents from Pennsylvania and the Colorado Governor's warrant, the only evidence presented at the hearing before the trial judge was Phillips' testimony. Phillips admits that the documents filed in this case create a presumption that he is the person identified in the documents and that he has the burden to show by clear and convincing evidence that he is not that person. *Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1; *Ede v. Bray,* 178 Colo. 99, 495 P.2d 1139; *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191; *Wigchert v. Lockhart,* 114 Colo. 485, 166 P.2d 988. Therefore, the issue in this case is whether the defendant met that burden of proof.

The defendant's testimony at the hearing was equivocal. Defense counsel asked Phillips where he was on the *first of May,* 1971, and Phillips answered, "I am not real positive, but I think I was here in Denver." Counsel also asked Phillips if he had ever been in Pennsylvania in 1971, and he said, "Not that I recall." He admitted he had been in Pennsylvania, but that he *thought* that it was in 1970. With these answers, we cannot say that the trial

---

[1]Now section 16-19-114, C.R.S. 1973.

judge's conclusion that the defendant failed to meet his burden of proving by clear and convincing evidence that he is not the person sought for the crimes committed on May 5, 1971 was clearly erroneous. *See Hill v. Houck,* 195 N.W.2d 692 (Iowa 1972); *Ex parte Buel,* 468 S.W.2d 385 (Tex. Crim. App. 1971); *Ex parte Harvey,* 459 S.W.2d 853 (Tex. Crim. App. 1970).

The judgment of the trial court is affirmed.