Opinion by
MR. JUSTICE HODGES.
In the trial court, appellant Stolz petitioned for a writ of habeas corpus challenging an extradition request by the state of Texas. The extradition documents showed that the appellant was charged by indictment with delivery of a controlled substance, heroin, to one Ronald C. Stewart, on November 11, 1974 in the County of Harris, Texas.
The appellant’s petition for writ of habeas corpus alleged that he was not in the state of Texas at the time of the alleged offense. After hearing, the trial court refused to grant the writ and ordered his rendition to the state of Texas.
On this appeal, the appellant urges reversal on the ground that his unrebutted evidence showed that he was not in the demanding state at the time of the offense. The trial court found that the testimony presented on the appellant’s behalf was “neither clear nor satisfactory,” and therefore insufficient to overcome the presumption created by the issuance of the governor’s warrant that the appellant was in the demanding state at the time of the offense. We agree and therefore affirm the judgment of the trial court.
The Colorado governor’s warrant recites the appellant’s full name and states that he is a fugitive from justice from the state of Texas. Thus, a prima facie presumption that the appellant is the person named in the extradition documents and that he was present in Texas on the date of the offense has been created. In order to overcome this presumption, the petitioner must show by clear and convincing evidence that he is not that person. People v. Phillips, 188 Colo. 330, 534 P.2d 1217 (1975); Eathorne v. Nelson, 180 Colo. 288, 505 P.2d 1 (1973); and Luker v. Koch, 176 Colo. 75, 489 P.2d 191 (1971).
The trial court found that the appellant had not by clear and convincing evidence overcome the presumption created by the governor’s warrant. We note that the appellant did not testify, but rather presented the testimony of his brother and a girlfriend, both of whom indicated a recollec *45 tion that the appellant was in Denver on November 11, 1974. The hearing was held on April 4, 1975.
The cross-examination of these witnesses and the answers of one of them to questions by the trial judge indicates that neither of them had any precise recollection of November 11, 1974. We hold that in a hearing of this nature where the trial judge gives no weight to the testimony on behalf of a petitioner and thus rejects it, the presumption created by the issuance of the governor’s warrant has not been overcome. Under these circumstances, there remains a valid basis for refusing to grant the writ of habeas corpus.
It is the appellant’s argument here that when he offered evidence tending to show his absence from the demanding state at the time of the offense, the presumption created by the issuance of the governor’s warrant disappears. The appellant then argues that if the respondent fails to present any evidence, as in this case, to rebut his evidence that he was not in the demanding state at the time of the offense, the trial court must grant his habeas corpus petition. We do not reach this issue by reason of our ruling that the presumption of the governor’s warrant has not been overcome.
Judgment affirmed.
MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.