## No. 26780

**Samuel L. Deas v. Dan Cronin, Manager of Safety and Excise and Ex Officio Sheriff of the City and County of Denver, and Warden Wayne K. Patterson**

(544 P.2d 991)

Decided January 19, 1976.

Truman E. Coles, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondents-appellees.

*In Department.*

Opinion by MR. JUSTICE HODGES.

In the trial court, appellant Deas petitioned for a writ of habeas corpus challenging an extradition request by the state of Nevada. The extradition documents showed that the appellant was charged with unauthorized signing of credit transaction documents which offenses were committed in Nevada on September 28 and 30, 1973. Included in the extradition documents are affidavits that the credit card presented for payment of motel accommodations had been stolen from the rightful holder, and that a victim had identified the petitioner from a photo as the person who presented this credit card.

The appellant's petition for a writ of habeas corpus alleged that he did not commit the offenses and that he was not a fugitive from justice from the state of Nevada. After hearing, the trial court denied his petition and ordered his rendition to the state of Nevada.

On this appeal, the appellant urges reversal on the ground that he presented unrebutted evidence that he was not in the demanding state on the dates of the offenses. As to this evidence, the trial court found, in effect, that it was not clear and convincing and therefore insufficient to overcome the presumption created by the governor's warrant; that the ap-

pellant is the person named therein; and that he was in the demanding state on the dates of the offenses. We agree and therefore affirm the judgment of the trial court.

■ The Colorado governor's warrant sets forth the appellant's name and states that he is a fugitive from justice from the state of Nevada. In support of this warrant, the extradition documents from the state of Nevada were admitted into evidence. This evidence created a presumption that the appellant is the person named in the extradition documents and that he was present in Nevada on the dates of the offenses. In order to overcome this presumption, the accused must show by clear and convincing evidence that he is not that person. *People v. Phillips*, 188 Colo. 330, 534 P.2d 1217 (1975); *Eathorne v. Nelson*, 180 Colo. 288, 505 P.2d 1 (1973); and *Luker v. Koch*, 176 Colo. 75, 489 P.2d 191 (1971).

The trial court hearing was held on January 8, 1975. One of the appellant's witnesses testified that during the period of September 28 to 30, 1973, the dates of the alleged offenses, the appellant performed some electrical work in Denver, Colorado. Appellant's wife, sister, and a cousin, also testified that they traveled to Los Angeles in the appellant's automobile in late September 1973 and on the return trip, they stayed in Las Vegas for several days. They testified that one Lonnie Davis made arrangements for them to stay at the victimized motels; that they had given Lonnie Davis money to pay for their accommodations; and that Lonnie Davis used the appellant's vehicle during the period they stayed in Las Vegas. The appellant did not testify. The People did not present any testimony in rebuttal.

The issue raised by the habeas corpus petition and the evidence relative to this issue presented by the appellant was whether he was in Las Vegas, Nevada on the dates of the alleged crimes or whether he was in Denver, Colorado. The trial court in its findings commented on the interest several of the appellant's witnesses had in the outcome of the case; on the apparent alterations of dates on one of appellant's exhibits; on the fact that a sample of petitioner's handwriting did not substantiate or corroborate some of the testimony presented on his behalf; and that the extradition documents set forth that this appellant had been identified in a photographic display as being the offender. The trial court thereupon rejected the appellant's contention that the evidence in his behalf clearly and convincingly established his presence in Denver, Colorado from September 28 to 30, 1973. On this basis, the appellant's petition for a writ of habeas corpus was denied and he was ordered extradited to the state of Nevada.

■ As the trier of fact, the trial court's duty is to weigh the evidence and determine the credibility of all witnesses. *Dressel v. Bianco*, 168 Colo. 517, 452 P.2d 756 (1969). The credibility of witnesses, the sufficiency, probative effect, and weight of the evidence, the inferences and conclusions to be drawn therefrom are all within the province of the trial court as a trier of fact and will not be disturbed on review unless the ap-

praisals of the trial court are manifestly erroneous. *Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970).

Our review of this record reveals sound reasons for concluding that the trial court's analysis of the evidence and its judgment are not manifestly erroneous. The trial court did not improperly rule that the appellant's burden of presenting clear and convincing evidence to overcome the prima facie presumption of the governor's warrant and supporting documents was not met. *Osborne v. Van Cleave*, 173 Colo. 26, 475 P.2d 625 (1970).

We find no merit to the appellant's argument that the trial court failed to comply with C.R.C.P. 52(a) which requires that in all actions tried upon the facts without a jury, the trial court shall make findings of fact and conclusions of law.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.