Opinion by
MR. JUSTICE HODGES.
Appellant Vigil petitioned the trial court for a writ of habeas corpus challenging an extradition request by the state of California. The extradition documents reflect that the appellant was charged with a burglary which was committed on September 14, 1974 at Oakland, California. Included in the extradition documents were affidavits of California police officers which set forth that a latent fingerprint had been found at the scene of the burglary and that it had been positively identified as the fingerprint of the left index finger of the appellant. The identification had been accomplished from a set of fingerprints taken by the Denver police department and sent to the Oakland police department. This set of fingerprints was included in the extradition documents.
*182 The appellant’s petition for writ of habeas corpus alleged that the appellant was not in the state of California on September 14, 1974 as alleged in the requisition papers from the state of California. After hearing, the trial court denied the appellant’s petition and ordered his rendition to the state of California. The evidence supports the trial court’s findings and determination of this matter and therefore we affirm its judgment.
On this appeal, the appellant urges reversal on the ground that he presented unrebutted evidence that he was in Denver, Colorado on September 14, 1974 and not in Oakland, California and that the trial court should have therefore found that this fact was clearly and convincingly established.
The Colorado governor’s warrant sets forth the appellant’s name and states that he is a fugitive from the state of California in connection with the alleged burglary on September 14, 1974 at Oakland, California. The extradition documents in support of this warrant were admitted into evidence. This evidence created a presumption that the appellant is the person named in the extradition documents and that he was present in Oakland, California on the date of the alleged burglary. People v. Phillips, 188 Colo. 330, 534 P.2d 1217 (1975); Eathorne v. Nelson, 180 Colo. 288, 505 P.2d 1 (1973); and Luker v. Koch, 176 Colo. 75, 489 P.2d 191 (1971).
At the trail court hearing, the appellant’s mother testified that she saw her son in Denver, Colorado almost daily during the month of September 1974. The appellant’s half-brother testified that he saw him on September .3 3, 1974 at which time the appellant had no money and could not have afforded transportation to California at that time. The appellant took the stand on his own behalf and stated that he was in Denver, Colorado on the day of the alleged burglary. On behalf of the appellant, testimony of an investigator was also permitted in evidence which indicated that the investigator had questioned the appellant’s landlady in Denver, Colorado and that she stated that there had never been more than a two or three day period when she had not seen the appellant during the month of September 1974.
Also, during the trial court hearing, a Denver police department fingerprint technician took the fingerprints of this appellant and compared them with the set of fingerprints which had been transmitted with the extradition documents. The testimony was that the appellant’s fingerprints were identical. Consequently, this testimony confirmed that the left index fingerprint taken at the scene of the burglary was identical with the left index fingerprint of the appellant.
At the conclusion of the hearing, the trial court made findings to the effect that the testimony presented on behalf of the appellant did not. with any degree of certainty establish his presence in Denver, Colorado on September 14, 1974, the date of the burglary. The trial court, on the other *183 hand, noted that the fingerprint evidence presented on behalf of the People was a significant factor in the court’s appraisal of all the evidence, in conclusion, the trial court found that the evidence presented on behalf of the appellant did not clearly and convincingly establish his presence in Denver, Colorado on September 14, 1974, the date of the alleged burglary in Oakland, California. On this basis, the appellant’s petition for a writ of habeas corpus was denied by the trial court.
As the trier of facts, it was the trial court’s duty to weigh the evidence and determine the credibility of all witnesses. Dressel v. Bianco, 168 Colo. 517, 452 P.2d 756 (1969). The credibility of witnesses, the sufficiency, probative effect, and weight of the evidence, the inferences and conclusions to be drawn therefrom, are all within the province of the trial court as a trier of fact and will not be disturbed on review unless the appraisals of the trial court are manifestly erroneous. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970).
In our view, the record of this case reveals ample support for the trial court’s findings and analysis of the evidence. Consequently, the findings of the trial court and its judgment are not manifestly erroneous. The trial court in this case properly ruled that the appellant’s burden of presenting clear and convincing evidence to overcome the prima facie presumption of the governor’s warrant and supporting documents was not met. Osborne v. Van Cleave, 173 Colo. 26, 475 P.2d 625 (1970).
Judgment affirmed.
MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.