### No. 27295

**Damon Christopher v. Dan Cronin, Manager of Safety and Excise, Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(564 P.2d 424)

Decided May 23, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Nancy E. Rice, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, for respondents-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant appeals from the denial of a writ of habeas corpus. The district court determined that the requisition papers tendered by California established probable cause and that the defendant should be extradited. We affirm.

The defendant was arrested as a fugitive from justice pursuant to section 16-19-103, C.R.S. 1973. California then began extradition proceedings. Among the requisition papers are the California informations and an affidavit by a California deputy attorney general certifying that the defendant had been bound over for trial as a result of preliminary hearings. The trial court found and the defendant concedes that there had been preliminary hearings but the defendant contends that the failure of the requisition documents to include a judicial order stating explicitly that probable cause had been found, requires that the writ of habeas corpus be granted.

In *Pippin v. Leach*, 188 Colo. 385, 534 P.2d 1193 (1975), we held that probable cause must be established if extradition is to occur.

We further stated:

"If a preliminary hearing was held in the demanding state and probable cause was established, then the hearing would be equivalent to an indictment and would consequently relieve the courts of this state of the burden and necessity of assessing the requisition documents to determine whether probable cause is established. . . . A preliminary hearing satisfies the probable cause requirement." 534 P.2d at 1196.

California law requires that probable cause be determined before a defendant may be bound over for trial and an information cannot be filed until the preliminary hearing is so held. *See* Cal. Penal Code §§ 738, 871, 872 (1970). The presence of the information with the certification by the Superior Court of its filing, therefore, satisfies the probable cause requirement of *Pippin. See also White v. Leach*, 188 Colo. 62, 532

P.2d 740 (1975).
Judgment affirmed.
MR. JUSTICE ERICKSON does not participate.