## No. 28074

**Edward Hall v. Dan Cronin, Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(585 P.2d 286)

Decided October 10, 1978.                    Rehearing denied October 30, 1978.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Lee Belstock, Deputy, Margaret L. O'Leary, Deputy, for appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

In October of 1977 the appellant was arrested in Denver. The State of Oklahoma sought his extradition by Requisition of the Governor, which stated in pertinent part:

"It appears by the annexed Application for Requisition Information and other supporting papers which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that Edward Lyle Hall stands convicted of the crime of robbery with firearms committed in the County of Tulsa in this State [and] thereafter escaped from [the] penitentiary and it has been represented and satisfactorily shown to me that he has fled from the justice of this State and has taken refuge in the State of Colorado."

The supporting papers included the original information, the arrest warrant, and the judgment and sentence on conviction.

Appellant obtained a writ of habeas corpus, which, after hearing, was discharged by the district court. Seeking review, the appellant alleges that the general averment of authenticity by the Governor is insufficient under the Uniform Criminal Extradition Act, section 16-19-104, C.R.S. 1973,[1] because the Governor fails to specifically mention the judgment of conviction. The attack is meritless.

The issue as to the sufficiency of general averments of authenticity has not been previously considered by this court. Other courts addressing the general authentication of "papers" under the Uniform Criminal Extradition Act have upheld such authentication.

The Supreme Court of Oregon addressed a similar attack in *Ex parte Paulson,* 168 Or. 457, 124 P.2d 297 (1942). It resolved the issue against the petitioner, stating:

"The original requisition signed by the governor . . . contains this recital: 'Whereas it appears from the annexed papers which I certify to be authentic and duly authenticated in accordance with the laws of this state'. That is a full compliance with the [statutory] requirement."

*Accord, Clayton v. Wolke,* 69 Wis.2d 363, 230 N.W.2d 869 (1975), and cases cited therein; *In re Austin,* 186 Neb. 815, 186 N.W.2d 723 (1971); *Ex parte Posey,* 453 S.W.2d 833 (Tex. Crim. App. 1970). Appellant cites no cases holding a general averment insufficient, and our research has disclosed no such authorities.

---

[1] "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing . . . and accompanied by . . . a copy of a judgment of conviction or of a sentence imposed in execution thereof . . . . [T]he copy of . . . judgment of conviction or sentence must be authenticated by the executive authority making the demand."

We hold that a requisition by a Governor may refer to, annex and authenticate accompanying papers and, if together they meet statutory requirements, that is sufficient compliance with the requirements of section 16-19-104, C.R.S. 1973.

The judgment is affirmed.