No. 28492

**Gerald Lee Keefer v. Brad Leach,
Sheriff of Boulder County, State of Colorado**

(597 P.2d 203)

Decided June 25, 1979.                    Rehearing denied, July 30, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Richard D. Irvin, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, John Daniel Dailey, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Petitioner was arrested in Colorado and held for extradition to Illinois. He filed a petition for a writ of habeas corpus alleging that the extradition documents did not establish probable cause that he had committed a crime in Illinois, and that the documents were not certified properly. After a hearing, the district court discharged the writ. We affirm.

The documents submitted include a complaint, an arrest warrant, affidavits and certifications of judges' and clerks' authority. Petitioner claims the documents do not establish probable cause because the arrest warrant does not show that the judge issuing the warrant made a determination of probable cause.

Illinois courts may issue an arrest warrant only if the complaint shows that probable cause exists to believe the proposed arrestee has committed the crime in question. *People v. Waitts,* 36 Ill. 2d 467, 224 N.E.2d 257 (1967); Ill. Ann. Stat. ch. 38, section 107-9(c). When a state's law requires a judge to find probable cause before issuing a warrant, the presence of the warrant in the requisition documents establishes probable cause for the purposes of section 16-19-104, C.R.S. 1973. *Moore v. Miller.* 198 Colo. 24, 596 P.2d 64 (1979); *Christopher v. Cronin.* 193 Colo. 218, 564 P.2d 424 (1977); *Michigan v. Doran.* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

Petitioner also argues that the certification of the extradition documents is defective because there is no authorization included to show that the chief deputy clerk could sign for the clerk of the court.

However, the Illinois governor's authentication covers all the documents including the affidavits of probable cause and the arrest warrant. Absent some showing that the documents are spurious, the governor's general authentication establishes their validity. *Hall v. Cronin,* 196 Colo. 333, 585 P.2d 286 (1978); *Lyle v. Kieback,* 139 Colo. 149, 337 P.2d 392 (1959).

We affirm the district court's order discharging the writ.