The PEOPLE of the State of Colorado, Petitioner-Appellee,

In the Interest of Robert HENDERSON, Respondent-Appellant.

No. 79CA0134.

Colorado Court of Appeals, Div. II.

March 6, 1980.

Rehearing Denied March 27, 1980.

Paul J. Willumstad, Pueblo, for petitioner-appellee.

Montie L. Barringer, Theodore R. Shaman, Jr., Pueblo, for respondent-appellant.

PIERCE, Judge.

Respondent appeals the denial of his motion to dismiss proceedings initiated pursuant to the Colorado statutes regarding treatment of the mentally ill. We affirm.

On February 28, 1978, respondent signed a voluntary treatment agreement requesting that he be admitted to the Colorado State Hospital for treatment on a voluntary out-patient status. Immediately before that date, respondent had been an in-patient at the hospital. As a voluntary out-patient, respondent resided in a hospital-run residential facility, receiving treatment at the facility or at the hospital as required. On July 14, 1978, respondent left the residential facility and failed to return.

On the morning of Saturday, July 15, the Pueblo police responded to a call from a private citizen and found respondent wandering in the backyard of a private residence. When they learned that respondent was a Colorado State Hospital patient, the police transported respondent to the hospital and turned him over to hospital security officers. Respondent was then placed in an open ward in the hospital geriatric treatment center.

On the following Monday, respondent was seen by his attending psychiatrist. At that time, respondent disagreed with the psychiatrist's evaluation that he was mentally ill, and refused to consider the possibility of any further care, medicine, or participation in the hospital program. The psychiatrist then prepared an emergency mental illness report and application in accordance with § 27–10–105(2), C.R.S.1973, and involuntarily confined respondent because he considered him to be gravely disabled. Respondent was certified for short-term treatment on July 19.

Immediately prior to a jury trial to review the certification of respondent for continuing treatment at the hospital, respondent moved to dismiss on the grounds that the court had no jurisdiction to hear the matter because the state had failed to comply with the strict procedural requirements of § 27–10–105, C.R.S.1973. Respondent appeals the denial of that motion.

Respondent's primary contention on appeal is that § 27–10–105(2), C.R.S.1973, was violated because an emergency report was not prepared on the morning of July 15, when he was taken to the hospital by the police; and that § 27–10–105(4), C.R.S.1973, was violated because respondent was not released, referred for further care and treatment on a voluntary basis, or certified for treatment pursuant to § 27–10–107, C.R.S.1973, within 72 hours of his having been taken to the hospital on July 15.

■ We agree with respondent that in situations involving involuntary confinement, strict compliance with the statutes governing treatment of the mentally ill is a

**1352**

necessity. *Sisneros v. District Court*, Colo., 606 P.2d 55 (1980). However, the fact that he was off the hospital premises and was taken into custody by the police and then returned to the hospital, does not, as a matter of law, terminate the voluntary treatment program. Here, because respondent was already a voluntary patient of the hospital, the determination of whether there was strict compliance with the statutory provisions requires a factual determination of when respondent's voluntary treatment agreement was terminated. The trial court found that respondent's voluntary agreement with the hospital was not revoked until the morning of July 17, and that, therefore, compliance with the provisions of § 27–10–105, C.R.S.1973, was not required until that time. Our review of the record discloses evidence to support the trial court's finding, and that finding will not, therefore, be disturbed on review. *Deas v. Cronin*, 190 Colo. 177, 544 P.2d 991 (1976).

As a result, we affirm the trial court's validation of the actions of the police department and the hospital on July 15, as being consistent with respondent's voluntary treatment agreement; and the actions of the hospital on July 17 and 19, as being in strict compliance with the statutes governing the treatment of the mentally ill.

Respondent also contends that § 27–10–105(1)(b), C.R.S.1973 (1979 Cum.Supp.), requires a prior judicial testing before respondent can be taken into custody. We disagree for the reasons set forth in *People in Interest of Paiz*, Colo.App., 603 P.2d 976 (1979), and conclude, as did the trial court, that here, where respondent might have become a serious danger to himself or to others if he had been released from the hospital pending the completion of the court proceedings, confinement for a 72-hour evaluation pursuant to § 27–10–105(1)(a), C.R.S.1973 (1979 Cum.Supp.), was proper.

We find no merit in respondent's additional contentions of error.

Judgment affirmed.

ENOCH, C. J., and VAN CISE, J., concur.