**Thomas H. LIGHT, Petitioner–Appellant,**

v.

**Dan CRONIN, Manager of Safety and Excise, and Ex–Officio Sheriff of the City and County of Denver; and Wayne E. Patterson, Warden of the Jail of the City and County of Denver, State of Colorado, Respondents–Appellees.**

No. 79SA121.

Supreme Court of Colorado,
En Banc.

Dec. 8, 1980.

Jeffrey C. Bluth, Denver, for petitioner–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for respondents–appellees.

ERICKSON, Justice.

A hearing on a writ of habeas corpus formulated the issues in this extradition proceeding. The district court discharged the writ, and ordered that the petitioner, Thomas H. Light, be extradited to Pennsylvania. The petitioner appeals. We affirm.

The petitioner was charged with being a fugitive from justice, when he fled from Pennsylvania after he was charged with committing the Pennsylvania statutory crimes of conspiracy, robbery, theft by unlawful taking, and reckless endangerment on or about May 1, 1978. Section 16–19–103, C.R.S. 1973.

Thereafter, he was arrested in Denver, Colorado, and counsel was appointed. Requisition documents were subsequently submitted by the Governor of Pennsylvania. Petitioner's counsel obtained a writ of habeas corpus, which was discharged after a full hearing. The sole error raised on appeal relates to the issue of identity. The petitioner asserts that the requisition documents must establish probable cause to believe that he committed the crimes charged. *Renton v. Cronin*, 196 Colo. 109, 582 P.2d 677 (1978). We agree with his statement of the law. However, in this case the record is sufficient to show that he was the same Thomas H. Light referred to in the requisition documents.

First, the issuance of a governor's warrant by the governor of the asylum state creates a presumption that the person sought to be extradited was in the demanding state at the time the crime was committed. The burden then shifts to the person

whose extradition is sought to show by clear and convincing evidence that he was not in the demanding state at the time the crime was committed. *Allen v. Cronin*, 189 Colo. 540, 543 P.2d 707 (1976). A *prima facie* showing of identity is made when the name of the person is identical to that appearing in the requisition documents. Thereafter, the petitioner must shoulder the burden of disproving the *prima facie* showing of identity. *Samples v. Cronin*, 189 Colo. 40, 536 P.2d 306 (1975). At the hearing on the writ of habeas corpus, the petitioner remained silent, and no evidence supports his contention that he is not the Thomas H. Light sought by Pennsylvania. *Dominguez v. Bray*, 188 Colo. 72, 532 P.2d 950 (1975); *Dilworth v. Leach*, 183 Colo. 206, 515 P.2d 1130 (1973).

The remaining issues raised by the petitioner are without merit.

Accordingly, we affirm the district court.