**Eurtylwayne PARKER,**
**Petitioner-Appellant,**

v.

**John GLAZNER, Sheriff of Montezuma County, Respondent-Appellee.**

**No. 81SA237.**

Supreme Court of Colorado,
En Banc.

June 1, 1982.

C. Thomas Kier, Cortez, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, Warwick Downing, Dist. Atty., Cortez, for respondent-appellee.

HODGES, Chief Justice.

Appellant Eurtylwayne Parker appeals the judgment of the trial court denying his petition for a writ of habeas corpus and ordering his extradition to Wyoming. We affirm.

The appellant was charged in Albany County, Wyoming, with the crime of burglary. Wyo.Stat. section 6–7–201 (1977). He was subsequently arrested in Colorado and charged in the trial court with being a fugitive from justice. Section 16–19–103, C.R.S.1973 (1978 Repl. Vol. 8). After extradition documents were submitted by the state of Wyoming and the Colorado Governor's warrant was served on appellant, he filed his petition for writ of habeas corpus in the trial court. After hearing, the trial court rejected the appellant's contentions that the extradition documents were insufficient and entered a judgment denying his petition for a writ of habeas corpus.

The appellant maintains here that the judgment of the trial court should be reversed arguing, *inter alia*: (1) that he was not substantially charged with a crime under Wyoming law, (2) there was no allegation that he was present in Wyoming at the time the crime was committed, and (3) the extradition documents did not establish probable cause that he committed the Wyoming crime.

 We need not address either of the first two enumerated arguments set forth by the appellant. As reflected by the record, the appellant conceded at the trial court hearing that the Wyoming extradition documents sufficiently alleged both the crime for which he is charged and that he is a fugitive from that state's jurisdiction.[1] Having not presented these issues to the trial court for determination, they will not now be considered on appeal. *Whittington v. Bray*, Colo., 613 P.2d 633 (1980).

 We turn now to the appellant's claim that the extradition documents are insufficient because they fail to establish probable cause that he committed the burglary alleged in the Wyoming extradition documents. These documents included a criminal complaint, an arrest warrant, affidavits and certifications of judges' and clerks' authority. Wyoming courts may issue an arrest warrant on a criminal complaint only where probable cause exists to believe that the individual named in the complaint committed the crime in question. Wyo.Stat. section 7–8–105 (1977); Wyo.R. Crim.P. 4(a). When a state's law requires a judge to find probable cause before issuing a warrant, the presence of the warrant in the requisition documents establishes probable cause for the purposes of section 16–19–104, C.R.S.1973 (1978 Repl. Vol. 8). *Keefer v. Leach*, 198 Colo. 101, 597 P.2d 203 (1979); *Moore v. Miller*, 198 Colo. 24, 596 P.2d 64 (1979). Accordingly, we reject the appellant's argument that the extradition documents did not establish probable cause that he committed the burglary in Wyoming.

The judgment of the trial court is affirmed.

1. The trial court's "Order and Judgment" states in pertinent part:

"This matter came for hearing on a writ of habeas corpus to show cause why the defendant should not be extradited to the state of Wyoming. Defendant concedes that:
1. He is the person named in the governor's warrant.
2. He has been charged with a crime in the state of Wyoming; and
3. He is a fugitive from that state's jurisdiction."

As evidenced by the parties "Stipulated Designation of Record on Appeal," no transcript of the habeas corpus proceeding was made a part of the record on appeal by the appellant. Accordingly, where, as here, there has been no showing to the contrary by the appellant, we must presume that the district court's order accurately reflects what occurred at the hearing. *People v. Gallegos*, 179 Colo. 211, 499 P.2d 315 (1972); *Kelley v. People*, 120 Colo. 1, 206 P.2d 337 (1949).