**Gene Allen BLACKWELL,**
**Petitioner-Appellant,**

v.

**Bert J. JOHNSON, Respondent-Appellee.**

**No. 81SA106.**

Supreme Court of Colorado,
En Banc.

June 28, 1982.

Forrest W. Lewis, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent-appellee.

HODGES, Chief Justice.

The appellant, Gene Allen Blackwell, was arrested and held for extradition to Texas. He filed a petition for writ of habeas corpus alleging that the extradition documents were insufficient because they failed to include an authenticated copy of the judgment of conviction and sentence. After hearing, the trial court denied the petition for a writ of habeas corpus. We affirm.

The extradition documents provided by the state of Texas include a certified document entitled: "Minutes of the 18th District Court of Harris County, Texas, at February Term, 1978: JUDGMENT." The document recites, *inter alia*, that the appellant had been sentenced to a term of nineteen years following his 1978 guilty plea to the charge of burglary. Also, included in the requisition is a certification of authen-

ticity of the included documents signed by the Governor of Texas.

█ The appellant first maintains that a minute order of the proceeding which resulted in his Texas conviction is insufficient to satisfy the requirements of section 16–19–104, C.R.S.1973 (1978 Repl. Vol. 8), which provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless ... by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole.... [T]he copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

We rejected an identical argument in *Miller v. Cronin*, 197 Colo. 391, 593 P.2d 706 (1979), concluding:

"We hold that certified copies of the minute orders included in the requisition documents constitute a sufficient and reliable record of the disposition imposed upon the petitioner.... *Accordingly, we hold that pursuant to section 16–19–104, C.R. S.1973, the minute orders qualify as a 'copy of a judgment of conviction or sentence.'* " (Emphasis added.)

█ Similarly, we find without merit the appellant's second argument that even if the minute order qualified as a judgment of conviction, it was not properly authenticated because it did not contain the signature of "the executive authority making the demand" as required by section 16–19–104, *supra*. This court has held that a governor's general authentication, which was included in these requisition documents, covers all documents included in the requisition request. *Clark v. Leach*, Colo., 612 P.2d 1130 (1980); *Keefer v. Leach*, 198 Colo. 101, 597 P.2d 203 (1979); *Hall v. Cronin*, 196 Colo. 333, 585 P.2d 286 (1978).

The judgment of the district court denying the appellant's petition for a writ of habeas corpus is affirmed.