Ronald VIGIL, Petitioner-Appellant,

v.

Harold MARTINEZ, Huerfano County Sheriff, and the Huerfano County Sheriff's Department, Respondents-Appellees.

No. 82SA415.

Supreme Court of Colorado, En Banc.

April 18, 1983.

Cecil L. Turner, Pueblo, for petitioner-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondents-appellees.

DUBOFSKY, Justice.

The petitioner-appellant, Ronald Vigil appeals the Huerfano County district court's denial of his petition for a writ of habeas corpus contesting extradition proceedings initiated by the state of Utah. The petitioner argues on appeal that extradition should be denied because the extradition documents were insufficient and because he presented clear and convincing evidence in the district court that he was not in Utah at the time of the crimes with which he was charged. We affirm the district court's denial of the petition.

An information filed in Utah on March 4, 1982, charged the petitioner with burglary and theft allegedly committed in Vernal on December 30, 1981. The petitioner was arrested in Huerfano County on March 8, 1982. The fugitive arrest warrant was based on the information, an investigator's affidavit sworn before the judge who issued the warrant, and the corroborating affidavit and extradition request of the deputy county attorney for Uintah County, Utah. All of the requisition documents were authenticated by the executive department of the state of Utah. Colorado authorities served the petitioner with the governor's warrant on April 15, 1982. The district court denied the petition for a writ of habeas corpus on June 18, 1982.

I.

The petitioner contends that the supporting affidavits did not set out the charges and underlying facts in sufficient detail. Our review of the documents convinces us that his argument is without merit. Taken as a whole, the documents establish the date, place, and nature of the offense charged, the names of the complaining witness, the victim, and the co-defendant, and the nature and value of the items taken. *Allen v. Cronin,* 543 P.2d 707, 189 Colo. 540 (1975). Moreover, the arrest warrant was based upon a judicial finding of probable cause in Utah, *see* Utah Code Ann. § 77–7–5 (1953) (1982 Repl.Vol. 8C). When a state's law requires a judge to find probable cause before issuing an arrest warrant, the presence of the warrant in the requisition documents establishes probable cause for purposes of section 16–19–104. *Parker v. Glazner,* 645 P.2d 1319 (Colo.1982).

The petitioner also claims that the individual documents are not properly authenticated as required by section 16–19–104.[1] However, the governor of Utah in-

---

1. Section 16–19–104 provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16–19–107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit

cluded a general certificate of authenticity for all of the documents. We have held such a general certification to cover all documents included in the extradition request. *Blackwell v. Johnson,* 647 P.2d 237 (Colo. 1982); *Keefer v. Leach,* 198 Colo. 101, 597 P.2d 203 (1979). Read together, all of the documents substantially charge Vigil with the crimes of burglary and theft in Utah. We find them legally sufficient under section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8). *Lucero v. Martin,* 660 P.2d 902 (Colo. 1983).

## II.

 The petitioner next argues that he established by clear and convincing evidence at the habeas corpus hearing that he was not in Utah on the date the crimes were committed. We conclude that the petitioner's evidence did not overcome the presumption created by the issuance of the Colorado governor's warrant that he was in Utah at the time the offenses were committed. *See Light v. Cronin,* 621 P.2d 309 (Colo.1980). While there was conflicting evidence presented on this issue at the hearing, the district court found that the petitioner had not met the burden of proving his absence from Utah clearly and convincingly. Because the district court's finding is not manifestly erroneous, it will not be disturbed on review. *Vigil v. Lamm,* 190 Colo. 180, 544 P.2d 631 (1976).

Judgment affirmed.

---

made before a magistrate there, together with a copy of any warrant which was issued thereupon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or pa-

role. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."