James **MILLER**, Petitioner-Appellant,

v.

William **DEBEKKER**, Sheriff of Fremont County, State of Colorado, Respondent-Appellee.

No. 83SA39.

Supreme Court of Colorado, En Banc.

Aug. 29, 1983.

David F. Vela, Colorado State Public Defender, Kenneth M. Plotz, Deputy State Public Defender, Salida, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Enforcement Section, Denver, for respondent-appellee.

NEIGHBORS, Justice.

The petitioner-appellant, James Miller (Miller), appeals the judgment entered by the district court discharging the writ of habeas corpus and ordering his return to the State of Arkansas. On appeal, Miller claims only that the trial court erred in finding that he failed to prove by clear and convincing evidence that he is not the person sought by the State of Arkansas and that he was not in Arkansas on the date the crimes charged were allegedly committed. We affirm the judgment of the trial court.

I.

On January 29, 1982, an information was filed in the Circuit Court of Pulaski County, Arkansas, charging James B. Miller with two counts of aggravated robbery in violation of Ark.Stat.Ann. § 41–2102 (1981 Supp. to 1977 Repl.Vol. 4) (amended 1979 and 1981). It is alleged in the information that the crimes were committed on October 17 and 18, 1981. A warrant for the arrest of James B. Miller was issued by the circuit court clerk on February 1, 1982.

A detainer was filed with the Director of the Colorado Department of Corrections by the State of Arkansas prior to Miller's release from the Colorado State Penitentiary on July 8, 1982. A request for temporary custody was also filed by the Arkansas authorities. However, no action was taken on that request. Miller was taken into custody pursuant to the detainer by the respondent sheriff at the time he was released from the custody of the Colorado Department of Corrections.

Miller filed his first petition for a writ of habeas corpus on July 22, 1982. The writ of habeas corpus was issued by the trial court on October 6, 1982. On October 21, 1982, a return was filed on behalf of the respondent. A duplicate petition for a writ of habeas corpus was filed by Miller on October 28, 1982.

A hearing on the writ was held on November 23, 1982. The trial judge took judicial notice of the court file containing the extradition documents and the governor's warrant which were attached to the petitions for a writ of habeas corpus filed by Miller. The documents requested the extradition of James B. Miller as a fugitive. The parties stipulated to the admission of two affidavits. The first affidavit was signed by an employee of the Pulaski County Sheriff's Office and states that the photograph attached to the affidavit is a picture of James B. Miller who is wanted for aggravated robbery. The second affidavit is signed by Carla Bettis, a victim of one of the armed robberies. Ms. Bettis states that the photograph attached to the first affidavit is a picture of the person who robbed the establishment in which she was employed on October 18, 1981.

Miller was the only witness who testified at the hearing. He stated that he was not in Arkansas on October 17 or 18, 1981, but was at his home in Denver, Colorado. He said that he had been to Little Rock, Arkansas, only once, when he was twelve years old. Miller also testified that his name was James Vincent Miller and that the photograph attached to the first affidavit was not a picture of him. He acknowledged that the records of the Colorado Department of Corrections list his name as James B. Miller. He ascribes blame for the alleged error in the middle initial to a court reporter in the Colorado Springs district court. Miller said he was asked his name in connection with the case which resulted in his being sentenced to the Department of Corrections and that he stated: "James V. Miller." He opines that the reporter misunderstood and interpreted the "V." as "B." He testified that the mittimus issued by the El Paso County district court to the Department of Corrections shows his name as James B. Miller. At the conclusion of the hearing, the trial judge ordered Miller to approach the bench. He complied and stood four feet from the bench. The court compared the photograph attached to the affidavit with Miller as he appeared in court. The record includes two photographs of Miller taken by the respondent sheriff shortly after the hearing.

The court made extensive findings of fact in support of its decision that the defendant failed to prove by clear and convincing evidence that (1) he was not in Arkansas on the date of the commission of the crimes, and (2) he was not the person named in the extradition documents.

## II.

At the habeas corpus hearing in an extradition proceeding, the respondent-custodian has the burden of showing that the accused is the person sought by the demanding state. *Light v. Cronin,* 621 P.2d 309 (Colo.1980); *Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306 (1975). The issuance of a governor's warrant by the governor of the asylum state creates a presumption that the person whose extradition is sought was present in the demanding state on the date the offense was allegedly committed. *Howe v. Cronin,* 197 Colo. 17, 589 P.2d 930 (1979); *Stolz v. Miller,* 190 Colo. 43, 543 P.2d 513 (1975); *Graham v. Vanderhoof,* 185 Colo. 334, 524 P.2d 611 (1974). This presumption can be overcome only by clear and convincing evidence that the accused was not in the demanding state at the time the crime was committed. *Richardson v. Cronin,* 621 P.2d 949 (Colo.1980); *Light v. Cronin, supra; Deas v. Cronin,* 190 Colo. 177, 544 P.2d 991 (1976).

When it is demonstrated that the name in the extradition documents is the same as the name in the governor's warrant, the respondent has established a prima facie case that the person charged as a fugitive is the fugitive sought by the demanding state. *Richardson v. Cronin, supra; Light v. Cronin, supra; Samples v. Cronin, supra.* Where there is a discrepancy between the middle initial contained in the extradition documents and the governor's warrant and the initial claimed by the accused as being correct, a prima facie case of identity may be established by an appropriate affidavit and photograph, as was done in this case. *Richardson v. Cronin, supra.* An accused also has the burden of proving by clear and convincing evidence that he is not the person sought by the demanding state to rebut a prima facie showing of identity. *Guy v. Nelson,* 630 P.2d 610 (Colo.1981).

After reviewing the record, we are persuaded that the trial court properly applied these principles of law to the evidence in finding that the accused had not met his burden of establishing by clear and convincing evidence that he was not in Arkansas on October 17 and 18, 1981, and that he was not the person sought by the demanding state. The decision of the trial court discharging the writ of habeas corpus and ordering the accused extradited to the State of Arkansas is supported by the record and is not manifestly erroneous. *Vigil v. Martinez,* 661 P.2d 1164 (Colo.1983); *Vigil v. Lamm,* 190 Colo. 180, 544 P.2d 631 (1976).

The judgment of the trial court is affirmed.